(Decided 22nd June, 1876.)

---

## SAMUEL ECKER *vs.* SCOTT McALLISTER.

*Declaration on a Promise to pay the debt of a Third person—Construction of the Bankrupt Act of the United States—Regularity of the return of a Commission to take testimony—Presumption—Evidence admissible to Impeach witness—Want of Consideration for a promise, a Bar to a recovery thereon—Question for the Jury—When a Creditor cannot institute proceedings in Bankruptcy against his Debtor—How the Intention of a Grantor in executing a Deed, must be shown—Presumption arising from the necessary Consequence of an act.*

In an action to recover on a promise to pay the debt of a third person, it is not necessary to allege in the declaration that the promise was in writing; it is sufficient if it be shown to be so by proof at the trial.

The Bankrupt Act of the United States (1867, ch. 176,) does not prohibit the creditor of an insolvent from taking a contract or covenant from a third person for the payment of money, as an inducement to forbear proceeding against such insolvent to have him declared a bankrupt.

Ecker *vs.* McAllister.

When the envelope containing the commission to take testimony, the return, the depositions and interrogatories, has been opened, it must be presumed, in the absence of proof to the contrary, to have been opened by order of the Court, the commission and other papers having been found in the office of the Clerk of the Court, who was their proper custodian.

It is not required, to render the answers of a witness taken under a commission, admissible to contradict his evidence generally at a trial, that such answers should have been read to him before he signed his name to them, nor that they should have been submitted to him to be read before he was asked by counsel if he had not made certain answers to the interrogatories propounded to him; all that is necessary is to prove that he is the witness who was sworn and examined by the commissioner, and whose answers the commission and return purported to give.

An action cannot be maintained upon a promise to pay the debt of a third person, in consideration of forbearance to proceed against such person to have him adjudged a bankrupt, if at the time of the promise the creditor had not the right under the Bankrupt Act, to institute such proceedings. A promise made under such circumstances is without consideration and not binding.

Whether a creditor who takes from his debtor a bill of sale and an assignment of certain book accounts to secure the amount due, has reasonable cause to believe that his debtor is insolvent at the time of the execution of the bill of sale and assignment, is a question for the determination of the jury.

Under the Bankrupt Act of the United States, no creditor who has received a preference, knowing at the time, or having reasonable cause to believe, that his debtor is insolvent, is authorized to institute proceedings in bankruptcy against him.

The intention of the grantor in executing a deed must be gathered from the deed itself, and from his acts and the surrounding circumstances. His own statement of his intention is not admissible.

Where a debtor knowing himself to be insolvent executes a bill of sale and an assignment of his book accounts to one of his creditors, the presumption will be that he executed the bill of sale and the assignment with the intention of giving a preference to such creditor.

APPEAL from the Circuit Court for Frederick County.

This suit was instituted by the appellee against the appellant to recover a sum of money due by Jacob S. Bohn, which, it was alleged, the appellant promised to pay, in

consideration that the appellee would forbear to institute proceedings against the said Bohn. The *narr.* alleged that Jacob S. Bohn was indebted to the plaintiff, for money payable by the said Jacob to the plaintiff, for money found to be due from the said Jacob to the plaintiff on accounts stated between them and the same was well known to the defendant; and the said Jacob was seized and possessed of an equitable estate and interest in certain real estate, to wit, a mill property, consisting of a flouring mill and saw-mill and thirty acres of land attached and adjacent thereto, situate and lying in Frederick County; and the said Jacob so being indebted to the plaintiff, conveyed and transferred his said estate and interest in said real estate to the defendant without a fair *bona fide* consideration paid by the defendant therefor, and the said Jacob became and was insolvent and without sufficient property for the payment of his debts which was well known by the defendant; that within four months after the said conveyance and transfer the plaintiff was about to institute proceedings in the District Court of the United States, for the District of Maryland, against the said Jacob, for the purpose of having the said Jacob adjudicated and declared a bankrupt, and the said estate and interest of the said Jacob in and to said real estate, adjudged to be sold and the proceeds of the sale thereof applied to the payment of his debts, and amongst others to the said debt of the said Jacob to the plaintiff, and the said defendant thereupon undertook and faithfully promised the said plaintiff, to pay him the said amount of money due and owing from the said Jacob to the plaintiff, in consideration that the plaintiff would abstain from instituting the proceedings aforesaid to have the said Jacob declared a bankrupt, &c.; that the plaintiff relying on the said promise and undertaking of the defendant and in consideration thereof, did abstain from instituting said proceedings, which was well known to the defendant, but the

said defendant hath hitherto refused and doth still refuse, although often demanded so to do, to pay to the said plaintiff the said sum of money due from the said Jacob to the plaintiff, according to the promise and undertaking of the defendant in that behalf. The defendant demurred to the *narr.* but the demurrer was overruled. The defendant thereupon pleaded that he never promised as alleged. Subsequently the plaintiff filed seven additional counts to his declaration, viz., the common money counts, a count on accounts stated and the following :

And for that the said Jacob S. Bohn being indebted as in said orginal declaration is particularly set forth, and being possessed of said interest in said real estate, did convey and assign all his said interest in said estate to the defendant, in consideration that the defendant should satisfy and pay all the indebtedness of said Jacob S. Bohn, which the defendant did then and there agree to do, whereby the defendant became liable to pay the said indebtedness of said Jacob S. Bohn to the plaintiff, but did not pay the same.

The defendant pleaded to the plaintiff's additional counts to the declaration, and issues were joined.

At the trial the plaintiff took two exceptions : the first to the ruling of the Court in refusing to permit Jacob S. Bohn to state what his intention was in executing the bill of sale to the plaintiff, and the second to the granting of the defendant's sixth and seventh prayers.

The defendant took three exceptions. The first and second are sufficiently stated in the opinion of the Court.

*Defendant's Third Exception.*—The plaintiff offered the following prayer :

That if the jury, shall find from the evidence, that a certain Jacob S. Bohn was indebted to the plaintiff in a sum of money exceeding the sum of $250, on the 10th day of November, 1869, which debt still remains due and unpaid ; and shall further find that said Jacob

was indebted at said time to other parties, in the sum of $300; and shall further find that said Jacob S. Bohn was, at the same time, possessed of an equitable interest in certain real estate in Frederick County, and shall further find that said Jacob was insolvent on the said 10th day of November, 1869, and that on said day the said Jacob conveyed to the defendant said real estate, or his interest therein, with intent to give a preference to said defendant as his surety, if the jury shall find said defendant was his surety; and shall further find that the defendant promised the plaintiff that he would pay the debt due from said Bohn to plaintiff, if the plaintiff would abstain from attempting to throw said Jacob S. Bohn into bankruptcy; and shall further find, that in consequence of said promise, the plaintiff did refrain from attempting to throw said Jacob into bankruptcy, that then the verdict of the jury must be for the plaintiff, even though the jury should find that said plaintiff had received from said Jacob the assignment and bill of sale in evidence mentioned, knowing or having reasonable cause to believe that Jacob was insolvent.

The defendant offered ten prayers, of which the tenth does not appear in the record, the others are as follows:

1. That if the jury shall find that one Jacob S. Bohn was indebted to the plaintiff in an amount of money exceeding the sum of two hundred and fifty dollars, and that said Jacob S. Bohn had an equitable interest in certain real estate, situate in Frederick County; and that on the tenth day of November, 1869, the said Jacob S. Bohn, as being bankrupt or insolvent, or in contemplation of bankruptcy or insolvency, conveyed said real estate to the defendant, by deed duly executed and delivered, and on said day made sale of all his personal chattels and property to the plaintiff, by bill of sale duly executed and delivered to the plaintiff, in consideration of thirteen hundred dollars, then due and owing from said Bohn to the plain-

tiff, and on said day did assign and transfer all his right, title and interest in and to certain book accounts of the firm of Jacob S. Bohn and S. W. McAllister, partners, trading as Bohn & McAllister, to the plaintiff, in part payment of the sum of thirteen hundred dollars, due and owing to said plaintiff from said Jacob S. Bohn; and shall further find, that said consideration of thirteen hundred dollars, mentioned in said bill of sale, and the said sum of thirteen hundred dollars mentioned in said assignment of book accounts, was a pre-existing debt due by said Bohn to the plaintiff on settlement of partnership accounts, accruing before said sale and transfer, and that said Jacob S. Bohn, by said conveyance of said real estate, and sale and transfer of said personal chattels and book accounts, stripped himself of all property, and was unable to pay his other creditors, if the jury shall so find that said Jacob S. Bohn had other creditors, and was given with the intent to give a preference to the said plaintiff over his other creditors; and shall further find, that said plaintiff accepted said sale and transfer of property, rights and credits, and that said plaintiff had reasonable cause to believe said Jacob S. Bohn was insolvent, and that the indebtedness of said Jacob S. Bohn to the plaintiff, mentioned in the first count of said declaration, is the same indebtedness or claim, on account of which the said sale, assignment and transfer of property, rights and credits was made by said Jacob S. Bohn to the plaintiff, and that the said plaintiff took possession of said property thus assigned, transferred and sold him by said Bohn, or a considerable part thereof, and sold the same, and retained the money received for the sale of the same for his own use, and in part payment of the debt aforesaid, due from Jacob S. Bohn to the plaintiff, and mentioned in the first count of plaintiff's declaration; and shall further find, that within four months after the date of the execution of the deed from the said Jacob S. Bohn

to the defendant, the plaintiff had determined and had threatened to institute proceedings in bankruptcy in the District Court of the United States for the District of Maryland, against the said Jacob S. Bohn, for the purpose of having said Bohn declared a bankrupt, and to have his property distributed among his creditors in pursuance of said law; and shall further find, that said determination of said plaintiff to institute said proceedings was communicated to the defendant by the plaintiff, or by his authorized agent; and shall further find, that the defendant promised the plaintiff, or his authorized agent, that if he, the plaintiff, would abstain and forbear from instituting said proceedings, he, the said defendant, in consideration thereof, would pay to the defendant the debt of said Jacob S. Bohn, due and owing to the plaintiff; and shall further find, that the plaintiff did forbear and abstain from instituting such proceedings in consequence of defendant's promise to pay said debt, then that the plaintiff, under the Bankrupt Laws of the United States, could not prove his claim in bankruptcy proceedings, nor institute proceedings in the said United States District Court in bankruptcy, to have said Jacob S. Bohn adjudged and declared a bankrupt, and that the consideration moving from the plaintiff to the defendant for the promise of the defendant to pay the debt of said Jacob S. Bohn is invalid, and the verdict of the jury must be for the defendant in the first count of plaintiff's declaration.

2. That if the jury shall find from the evidence, that the witness, Jacob S. Bohn was indebted to the plaintiff as mentioned in the declaration, and that being so indebted, he did on or about the 10th of Nov. 1869, execute and deliver to the defendant, the deed offered in evidence for the real estate therein described, and also did execute and deliver to the plaintiff the bill of sale and assignment offered in evidence for the personal property and books of account therein referred to; and if the jury

shall further find from the evidence, that at the time of the execution of the said conveyances and assignment, the said witness, Jacob S. Bohn, was insolvent and without means to pay debts due by him to other parties, if they shall find such debts to have been due by said witness, Bohn, to other parties; and if they shall further find from the evidence that the plaintiff knew, or had reasonable cause to believe that the said Jacob S. Bohn was insolvent at said time, that then under the provisions of the Bankrupt Law of the United States, the taking of said assignment and said bill of sale by the plaintiff from said Bohn, was the taking of a preference which under said bankrupt law, would preclude the plaintiff from proving his claim or debt, if the jury shall find that any was due against said Bohn; and that if the said plaintiff could not under the provisions of the bankrupt law, prove his said claim or debt in bankruptcy against said Bohn, he could not legally institute proceedings to have the said Bohn adjudged a bankrupt; and that if the said plaintiff was not in a condition to institute proceedings in bankruptcy against said Bohn, that then the promise alleged to have been made by the defendant to pay the claim of the plaintiff against Bohn, in consideration of the plaintiff's forbearing to proceed in bankruptcy, was without consideration, and not binding upon the defendant, and the verdict of the jury must be for the defendant.

3. That if the jury shall find from the pleadings and evidence in this case, that the witness, Jacob S. Bohn, was at the time of the execution of the bill of sale, assignment and deed offered in evidence, insolvent, and that the plaintiff knew that said Bohn was insolvent, and took said bill of sale and assignment with a knowledge that said Bohn was insolvent, with the intention of making and retaining a preference in his own behalf, to the prejudice of other creditors of said Bohn, (if the jury

shall find from the evidence that there were other credi-
tors,) that then, even though the said Bohn, had also
committed an act of bankruptcy by executing and deliver-
ing the deed to the defendant, (if the jury shall find that
he did so execute and deliver the same,) under the Bank-
rupt Laws of the United States, the said plaintiff was
precluded from instituting proceedings against said Bohn
in bankruptcy, and that if he was precluded from insti-
tuting proceedings in bankruptcy against said Bohn, that
then, if the jury shall find that the defendant promised
to pay the debt of said Bohn to said plaintiff in considera-
tion of the plaintiff forbearing to institute such proceed-
ings in bankruptcy, the said promise of the defendant
if so found by the jury was without consideration, and
the verdict of the jury must be for the defendant.

4. That under the Bankrupt Law of the United States,
a creditor who knowing or having reasonable cause to
believe, that his debtor is insolvent, takes from such
debtor a preference whereby such creditor's claim is
secured to the exclusion of other creditors of the said
debtor, is debarred from proving his claim against said
bankrupt under the Bankrupt Laws of the United States,
unless such creditor shall surrender the money or pro-
perty acquired by such preference; and that no person
being a creditor who cannot prove his claim, can, under
said bankrupt act, institute proceedings to have his
debtor adjudged a bankrupt; and that if the jury shall
find from the evidence in the cause, that the plaintiff
took from the witness, Bohn, the said assignment and
bill of sale, knowing, or having reasonable cause to
believe, that said Bohn was insolvent, that then the said
plaintiff was not under said law entitled to prove his
claim in bankruptcy, or to institute proceedings therein
against the said Bohn, unless he had surrendered up the
property, which the jury shall find from the evidence
he received under said assignment and bill of sale, and

that there is no evidence in this cause from which the jury can legally find that plaintiff did surrender up said property.

5. That to constitute a promise by a creditor of forbearance to institute legal proceedings against a debtor, a good consideration for the promise of a third party to pay such debt, the creditor must have the legal right to institute the proceedings which he promises to forbear, and that if such creditor has not the legal right to institute such proceedings, a promise by a third party made in consideration of such forbearance is without consideration and not binding ; and that if the jury shall find the facts stated in the last preceding prayer, that then the promise on the part of the defendant, if found by the jury, to pay Bohn's debt to the plaintiff, stated in the declaration, is without consideration, and the verdict of the jury must be for the defendant.

6. That there is no legally sufficient evidence from which the jury can find in favor of the plaintiff on the first, second, third, fourth, fifth and sixth additional counts of the declaration, because there is no evidence from which the jury can find, that the defendant is, or was indebted to the plaintiff for money payable by the defendant to the plaintiff, for goods bargained and sold by the plaintiff to the defendant, or for work and labor done by the plaintiff for the defendant, or for money lent by the plaintiff to the defendant, or for money paid by the plaintiff for the defendant, at his request, or for money found to be due from the defendant to the plaintiff on accounts stated between them.

7. That under the issue joined on the plea to the last count of the declaration, the verdict of the jury must be for the defendant, because there is no legally sufficient evidence from which the jury can find that the consideration of the conveyance from the witness, Jacob S. Bohn, to the defendant, offered in evidence in this cause, was an

agreement on the part of the defendant to pay the debts of said Jacob S. Bohn as alleged in said last count of the *narr*.

8. That under the pleadings and evidence in this cause, if the jury shall find that a certain Jacob S. Bohn was indebted to the plaintiff in a sum of money exceeding two hundred and fifty dollars on accounts stated between them, and that on or about the 10th day of November, 1869, the said Jacob S. Bohn made an assignment and transfer of all his rights, title and interest, in and to certain book accounts mentioned in the evidence, and did also bargain and sell certain personal property to said plaintiff by bill of sale dated on the 10th day of November, 1869, and offered in evidence in this case, in consideration of the sum of thirteen hundred dollars then due and owing from said Jacob S. Bohn to the plaintiff; and that said sum of thirteen hundred dollars the consideration mentioned aforesaid in said bill of sale, and in said transfer, was a pre-existing debt due by Jacob S. Bohn to the plaintiff, growing out of partnership transactions between said Jacob S. Bohn and the plaintiff, prior to the date of said sale, transfer and assignment, and that at the time of said transfer and assignment of said book accounts and execution of the said bill of sale, the said Jacob S. Bohn being insolvent, or in contemplation of insolvency, made said transfer and assignment of said book accounts, and executed said bill of sale, with intent to give a preference to the said plaintiff over his other creditors, or in fraud of the Bankrupt Laws of the United States, in such case made and provided; and shall further find, that said Jacob S. Bohn was insolvent, or that a fraud was intended on said Act, that then the plaintiff was under and by virtue of said Bankrupt Laws of the United States, precluded from proving his said debt against the said Jacob S. Bohn in bankruptcy.

And the defendants pray the Court to instruct the jury, if they shall find the facts stated in the above prayer of

said defendant, then, that the said plaintiff was precluded by the Bankrupt Laws of the United States from instituting proceedings in bankruptcy against the said Jacob S. Bohn.

And the defendant further prays the Court to instruct the jury, that if they shall find the facts stated in the above prayers of the defendant, that then there was no valid consideration for the defendant's promise to pay the debts of said Jacob S. Bohn to the plaintiff, and their verdict must be for the defendant.

9. If the jury shall find from the evidence that the defendant promised to pay the plaintiff the debt alleged to be due by the witness, Jacob S. Bohn, to the plaintiff, in consideration of the plaintiff's agreeing to forbear or forbearing to institute proceedings in bankruptcy against the said Bohn, nevertheless such promise on the part of the defendant if made by him and found by the jury from the evidence to have been made by him, is without a legally sufficient consideration, and not binding on the defendant, unless at the time the same was made the plaintiff could legally have instituted proceedings in bankruptcy against said Bohn; and that if the jury find from the evidence that the plaintiff took from said Bohn an assignment or conveyance of property or effects belonging to said Bohn, whereby the said plaintiff secured to himself a preference over other creditors of said Bohn, if the jury shall find there were such; the plaintiff having at the time of taking such assignment or conveyance a reasonable cause to believe that said Bohn was insolvent, and that said plaintiff had possession of the property and effects assigned and conveyed to him by said Bohn, (if the jury shall find such possession, assignment and conveyance,) at the time the alleged promise was made by the defendant to pay said debt of said Bohn to the plaintiff, that then the plaintiff could not legally, under the provisions of the Bankrupt Laws of the United

States, have proceeded against the said Jacob S. Bohn as a bankrupt, and could not legally have instituted proceedings against him under said Bankrupt law, and that the verdict of the jury if they find the facts stated in this prayer, must be for the defendant.

The Court (BOUIC and LYNCH, J.,) granted the plaintiff's prayer and the sixth and seventh prayers of the defendant; the other prayers of the defendant the Court rejected. The defendant excepted to the rejection of his first, second, third, fourth, fifth, eighth, ninth and tenth prayers, and to the granting of the plaintiff's prayer. The verdict and judgment were for the plaintiff and the defendant appealed.

The cause was argued before BARTOL, C. J., BOWIE, GRASON and ALVEY, J.

*Charles W. Ross* and *James McSherry*, for the appellant.

*William P. Maulsby, Jr.* and *Milton G. Urner*, for the appellee.

GRASON, J., delivered the opinion of the Court.

This suit was brought to recover from the appellant a sum of money due by Jacob S. Bohn to the appellee, and which, it is alleged, the appellant promised to pay in consideration that the appellee would forbear to institute proceedings in bankruptcy against Jacob S. Bohn.

There was a demurrer to the declaration, which was overruled, and exceptions were taken by both parties to the rulings of the Circuit Court upon the evidence and the prayers, and we shall consider the questions raised by them in their proper order.

The declaration is alleged to be defective, because it does not state that the promise of the appellant was in writing,

and because the transaction between the parties was a violation of the Bankrupt Act of the United States, and of public policy. It is not necessary, to allege in the *narr.* that the promise was in writing, that being a matter of proof at the trial. The Act of Congress of 1867, chap. 176, commonly known as the Bankrupt Act, does not forbid the creditor of an insolvent debtor to take a contract, or covenant from any third party, in consideration of forbearance to proceed against his debtor, for the purpose of having him declared a bankrupt, and therefore such a transaction is not a violation of the Act or of public policy. The demurrer was therefore properly overruled. Both of these questions were fully considered in the case of *Samuel Ecker vs. Daniel Bohn, ante p.* 278, and we refer to the opinion filed in that case, for a more extensive expression of our views upon them.

The appellant's first and second exceptions were taken to the rulings of the Circuit Court in refusing to permit the commission to take evidence in this case, the return of the commissioner and the evidence taken thereunder to be read in evidence to the jury, to contradict Jacob S. Bohn, a witness for the appellee, who was sworn and examined at the trial. It was contended that the commission was not admissible, because it did not appear to have been executed and returned in accordance with the requirements of the law, and the facts relied upon were that the envelope, in which the commission, return, depositions and interrogatories were contained, had been opened, and because the name of the commissioner was not written across the seal of the envelope. The commission and all the other papers were found in the office of the clerk of the Circuit Court, for Frederick County, who was the proper custodian of the papers, and it must be presumed, in the absence of proof to the contrary, that the envelope had been opened by order of the Court. The return to the commission was under the hand and seal of the commissioner, and in all

respects was formal and regular.   It was also contended that the answers of Jacob S. Bohn to the interrogatories were not admissible to contradict his evidence given orally at the trial, because they had not been read to him, before he signed his name to them ; and further, because they had not been submitted to him to be read, before he was asked by counsel if he had not made certain answers to the interrogatories propounded to him.   Even if it were necessary that his answers should have been read to him, he had sworn that a part of them at least had been read to him before he signed his name.   But it was not necessary that his answers should have been read to him ; as it is presumed that the commissioner, an officer of the Court, acting under oath, put them down exactly as he gave them. Neither was it necessary that he should have been shown his answers and been permitted to read them, before asking him in regard to them.   All that was required was to prove that he was the witness who had been sworn and examined by the commissioner, and whose answers the commission and return purported to give.   He had testified that he was sworn and examined as a witness in this case under the commission, and the foundation for his contradiction had been properly laid, and the commission, return and depositions taken thereunder, were admissible for the purpose for which they were offered; and the Court below erred in refusing to permit them to be read in evidence.

The third exception of the appellant was taken to the granting of the appellee's prayer, and the rejection of the first, second, third, fourth, fifth, eighth, ninth and tenth prayers of the appellant.   The tenth prayer is not in the record, and consequently there can be no reversal of the judgment upon that.   The prayer of the appellee asked an instruction that the verdict must be for him, if the jury found the facts therein stated, although they should further find that he had received from Jacob S. Bohn the assign-

ment and bill of sale offered in evidence, knowing or having reasonable cause to believe that said Bohn was insolvent. The appellant's first, second, third and ninth prayers, after substantially stating the same facts to be found by the jury, as were set forth in the appellee's prayers, contained the legal proposition that the appellee was not entitled to recover, if the jury should find that he received the bill of sale and assignment as a preference from his debtor Bohn, having good cause to believe at the time that said Bohn was insolvent. The question of law presented by these prayers depends for its solution upon the construction of the 39th section of the Bankrupt Act. It declares that if any person, within the jurisdiction of the United States owing debts, provable under the Act, exceeding the amount of three hundred dollars, shall make any gift, sale, conveyance or transfer of his property, estate, rights or credits with intent to delay, defraud or hinder his creditors, or who being bankrupt or insolvent, or in contemplation of bankruptcy or insolvency, shall make any payment, gift, grant, sale, conveyance or transfer of money or other property, estate, rights or credits with intent to give a preference to one or more of his creditors, shall be deemed to have committed an act of bankruptcy, and, subject to the conditions therein presented, shall be adjudged a bankrupt on the petition of one or more of his creditors, the aggregate of whose debts, provable under the Act, amount to at least two hundred and fifty dollars, provided the petition be filed within six months after the act of bankruptcy was committed. And it is further provided that if the person shall be adjudged a bankrupt, the assignee may recover back the money or other property so paid, conveyed or transferred, provided the person receiving the same had reasonable cause to believe that a fraud on the Act was intended, or that the debtor was insolvent, and that such creditor should not be allowed to prove his debt in bankruptcy. If the appellee had received the bill

of sale and the assignment from Jacob S. Bohn, (and the evidence of his having received them was uncontradicted) and at the time he received them had knowledge or reasonable cause to believe that Bohn was then insolvent, he thereby received a preference forbidden by the Act, and could not have proved his debt against his debtor in bankruptcy, and therefore could not have filed a petition in bankruptcy against him.

If he could not have proceeded against him in bankruptcy, the promise of the appellant to pay the debt in consideration that the appellant would forbear to proceed in bankruptcy against Bohn, was without consideration, and there could be no recovery upon it. 1 *Parsons on Contracts*, 365, *marg.*, and authorities there cited in *note c; Wade vs. Simeon*, 52 *Eng. Com. Law Rep.*, 564, 565; *Jones vs. Ashburnham*, 4 *East*, 463; *Hartle vs. Stahl & Wife*, 27 *Md.*, 171, *and Busby vs. Conoway*, 8 *Md.*, 62. The question whether the appellee had reasonable cause to believe that Bohn was insolvent at the time the bill of sale and assignment were executed, was material to the decision of the case by the jury, and should have been submitted to their determination. The appellee testified that he had received a preference by the bill of sale and assignment as far as they went. There was evidence also that Bohn and the appellee had been partners in the milling business, that the latter kept the books and knew that the former had put into the business but eight hundred and six dollars, and drawn out two thousand one hundred and twenty-six, while the appellee had put in nine hundred and forty-five, and drawn out but five hundred and forty-six. There was also evidence tending to prove that Bohn was unable to pay the debt due to the appellee, which the latter found amounted to thirteen hundred dollars, at the time their partnership was dissolved. The very fact of the execution of the bill of sale and assignment to the appellee furnished some proof of that fact. Jacob S. Bohn

testified that the appellee had also knowledge of the execution of the deed of the mill property to the appellant about the time of its execution, whether before or after, he could not say, and that the appellee generally knew all about what was going on; that the witness concealed nothing from anybody, and that he supposed the appellee knew, at least in part, what the witness owed. There was also proof to show that Jacob S. Bohn had, by his deed to the appellant, and the bill of sale and assignment to the appellee, stripped himself of all the property of every description he owned. This proof was proper to be submitted to the jury, and considered by them in determining whether the appellee had reasonable cause to believe that Jacob S. Bohn was insolvent at the time of the execution of the bill of sale and assignment. The Circuit Court, therefore, erred in granting the appellee's prayer and rejecting the first, second, third and ninth prayers of the appellant.

The appellant's fourth prayer was properly rejected. It asked an instruction, if the jury should find the facts therein stated, that the appellee was not entitled to prove his debt in bankruptcy, or to institute proceedings therein against Bohn, unless he had surrendered the property which the jury should find from the evidence, he had received under the assignment and bill of sale, and that there was no evidence in the case from which the jury could find such surrender. We think by the true construction of the Act, that no creditor who has received a preference, having, at the time, reasonable cause to believe his debtor insolvent, is authorized to institute proceedings in bankruptcy. By the twenty-third section of the Act, it is provided that no one who has received a preference under the circumstances mentioned in this Act, shall prove his claim or receive any dividend on account thereof, until he shall have surrendered *to the assignee* all property, money, benefit or advantage received by him under such prefer-

ence.　It is clear that under the Act, no debt can be proved until after the petition has been filed, and no surrender made until an assignee has been appointed.　The twenty-third section relates to the proving of debts in bankruptcy.　The petition can be filed by none other than a creditor, who has a debt due him of at least two hundred and fifty dollars, which is *provable* in bankruptcy *at the time the petition is filed.*

The appellee having shown by his own evidence, that he received a preference from Jacob S. Bohn, if the jury should find that, at the time he received it, he had reasonable cause to believe that he was insolvent, he had not a debt then *provable* under the Act.　There was still an act to be performed by him after a petition was filed, before he could prove his debt, and that was a surrender of all he received under the preference.　The fourth prayer was erroneous, therefore, in assuming as matter of law, that a creditor who had taken a preference, knowing at the time, or having reasonable cause to believe, that his debtor was insolvent, has the legal right to file a petition in bankruptcy against his debtor, upon surrendering all advantage derived from the preference.

The appellant's fifth prayer, though stating a perfectly correct legal proposition, is based upon the finding by the jury of the facts stated in his fourth prayer, and as we have shown that the fourth prayer was properly rejected, the Court below did right in rejecting the fifth also.

The eighth prayer did not submit to the jury, the fact whether the appellee had accepted a preference from his debtor, having at the time, reasonable cause to believe that he was insolvent, or that a fraud on the Bankrupt Act was intended ; but it asked an instruction that the appellee was precluded from proving his debt, if the jury should find that the preference was given, and that Bohn was insolvent at the time, or gave the preference with intent to commit a fraud upon the Act.　This prayer was also properly rejected for this reason.

The appellee took two exceptions, one to the ruling of the Court in refusing to permit Bohn to state what his intention was in executing the bill of sale to the appellee, and the other to the granting of the appellant's sixth and seventh prayers; and as a new trial of this case will be awarded, it becomes necessary for the Court to review and pass upon these exceptions, as directed by sec. 41 of Art. 11 of the Code of Public General Laws.

The evidence offered in the first exception was inadmissible. The intent with which a grantor executes a deed, must be gathered from the deed itself, and from his acts and the surrounding circumstances. When the probable consequence of an act is to give a preference, the debtor will be conclusively presumed to have intended to give such preference. *Bump on Bankruptcy*, 404. Every person of sound mind is presumed to intend the necessary natural or legal consequences of his deliberate act. "This legal presumption may be either conclusive or disputable, depending upon the nature of the act and the character of the intention. And when, by law, the consequences must necessarily follow the act done, the presumption is ordinarily conclusive, and cannot be rebutted by any evidence of a want of such intention. * * * * * When the result, which necessarily and inevitably follows the act, is to defeat the operation of the Bankrupt Act, the law conclusively presumes that the party intended to accomplish that result, and his denial of such intent is of no consequence." *Bump on Bankruptcy*, 406, 407. Bohn knew that he was insolvent, for he swears that after executing the bill of sale and assignment to the appellee, and the deed to the appellant, all of which bear date the same day, he had but forty dollars left, while it appears in proof that he was still in debt to various other parties. If, therefore, the answer to the question objected to, would have been that he did not intend to give the appellee a preference, it was inadmissible. If it would have been an ex-

planation of the bill of sale, it was equally inadmissible upon the ground that parol evidence is inadmissible to contradict, explain or vary a written instrument.

There was no evidence whatever to support the seven additional counts of the *narr.*, and therefore the sixth and seventh prayers of the appellant were properly granted.

*Judgment reversed, and*
*new trial awarded.*

(Decided 22nd June, 1876.)