# ANTHONY DIPAULA *vs.* ROBERT S. GREEN.

*Debt of another; Statute of Frauds. Contracts: consideration;*
*forbearance to sue; when not sufficient. Mechanics' lien:*
*no lien for materials in Baltimore City.*
*Prayers; misleading.*

Every contract to be a binding obligation must be supported
by a consideration.                                    p. 494

Under the Code of Public General Laws (1904), Article 63,
section 1, there is no material men's lien in Baltimore City;
and Chapter 52 of the Acts of 1910 did not change the law
in that respect.                                       p. 495

The owner of a building in Baltimore City promised the attor-
ney for one of the material men who furnished materials to
the contractor who erected the building, that if the attorney
would not file a lien against the building or take any legal
proceedings against it for the collection of the bill, that he,
the owner, would pay the same. *Held,* that the promise was
to pay the existing debt of another, and that the considera-
tion—the promise of the attorney to forbear to file a lien
which the law did not authorize—was not sufficient to sup-
port it.                                               p. 496

If the property had been liable to a mechanics' lien for the
material so furnished—the consideration would have been
sufficient and the promise would have fallen within the
exceptions to the operation of the 4th section of 29th Charles
II.                                                    p. 496

A part of a prayer requiring the Court sitting as a jury to
find that the purpose of the defendant in such a case was to
subserve some purpose of his own, does not relieve the situa-
tion, and is misleading.                               p. 496

*Decided November 17th, 1911.*

Appeal from the Superior Court of Baltimore City (Elliott, J.).

The cause was argued before Boyd, C. J., Pearce, Burke, Thomas, Pattison, Urner and Stockbridge, JJ.

*Fillmore Cook,* for the appellant.

*Aubrey Pearre, Jr.* (with whom was *James J. McGrath,* on the brief), for the appellee.

Thomas, J., delivered the opinion of the Court.

This is an action of assumpsit brought by the appellee against the appellant on an open account, and the case was tried in the Court below on issue joined on the general issue plea. The judgment was in favor of the defendant, and the only exception in the record is to the ruling of the lower Court on the prayers.

In the view we take of the case it will only be necessary to refer to the evidence produced by the plaintiff. It appears that the appellant entered into a contract with Arthur L. Blatchley, a contractor, for the erection of a store and dwelling on North avenue near Charles street, in Baltimore City. Blatchley purchased from the appellee cement, lime, etc., to the amount of $263.75, to be used in the erection of said building. The first item of the account is of March 4, 1910, and the last item is of April 28th, of the same year. There are two credits on the account, one of $22.50, dated April 10, 1910, and the other of $50.00, dated April 14th, of the same year, leaving a balance due of $191.25. The items of the account, according to the testimony of the appellee, were sold and delivered to Blatchley on his credit, and were charged against him on the books of the appellee. James J. McGrath, an attorney, in whose hands the account was placed for collection, testified on the 20th of May, 1910, he telephoned the appellant in regard to the claim and told him that he intended to file a lien against the property if the bill

was not paid, and that the appellant asked him not to file any lien, and promised that he would pay the claim within thirty days, and that he (witness) said that that would be satisfactory.

Relying upon this testimony, which was corroborated in part by another witness of the appellee, but which was denied by the appellant, the appellee at the conclusion of the case offered the following prayer, which was granted by the Court below:

"Plaintiff prays the Court to instruct the Court, sitting as a jury, that it finds from the evidence that the defendant employed one Blatchley to erect a certain house for him in Baltimore City; and shall further find that the plaintiff, at the request of said Blatchley, furnished certain building materials for the same, and before said building was completed, and within sixty days after the furnishing of the last of said materials the plaintiff demanded payment of said bill from the defendant; and if it shall further find that the defendant·was the owner, or one of the owners, of said building, and that the plaintiff threatened to file a lien for the collection of the amount of said bill against the building, or to take other legal proceedings against it for the collection of said bill, and that the defendant requested him not to do so, and promised that he would pay the amount of the plaintiff's claim if the plaintiff would not file said lien or take legal action, if it shall so find; and if it shall further find that the defendant requested the plaintiff to send an itemized statement of account of said materials to him in the name of said Blatchley, and that the plaintiff did so send the account requested, and offered in evidence and the same was accepted by the defendant and that he again promised to pay the said account, or that he stated to the plaintiff's attorney, Mr. McGrath, that he did not intend to move into the building until every dollar on it was paid, and that he would pay the bill of the said plaintiff; and that the plaintiff, relying on said promise to pay, agreed not to file a lien against said building or to take legal proceedings against same for the

collection of said account, and in pursuance of his agreement did not file any lien or take legal action against said building, if it shall so find; and if the Court sitting as a jury shall further find that the purpose of the defendant in promising to pay the said account was not to answer for a debt of Blatchley, but to subserve some purpose of his own, and that the account has not been paid, then under the pleadings in this case the plaintiff is entitled to recover."

Every contract in order to be a binding obligation must be supported by a consideration, and unless the promise of the appellant set out in the prayer is based upon a sufficient consideration the prayer was bad.

Now the consideration stated in the prayer was the agreement and promise of the attorney in whose hands the claim was placed by the appellee not to file a lien against the property, and unless that promise to forbear to file a lien was a sufficient consideration to support the promise of the appellant, then the conclusion of the prayer allowing a verdict for the plaintiff was erroneous.

Section 1 of Article 63 of the Code of 1904 is as follows:

"Every building erected and every building repaired, rebuilt or improved to the extent of one-fourth its value in Baltimore City and in any of the counties shall be subject to a lien for the payment of all debts contracted for work done for or about the same; and in the counties, except Baltimore county, every such building shall also be subject to a lien for the payment of all debts contracted for materials furnished for or about the same. In Baltimore county nothing in this article except as provided in section 20, shall entitle any person, firm or corporation to the benefit of such lien upon any such building for materials furnished for or about the same, unless the contract for furnishing such material shall have been made directly with the owner of such building or his agent. This section shall not affect or impair liens existing in Baltimore county on April 11, 1902, under pre-existing law."

Under this section it is very clear that in Baltimore City there was no lien allowed for materials furnished, and in the

case of *Dunn & Sons* v. *Brager* (*ante* page 242), this Court held that the Act of 1910, Chapter 52, did not change that provision of the law, so that at the time that the materials mentioned in the account in this case were furnished by the appellee to Blatchley the appellee was not entitled to a lien.

In the case of *Ecker* v. *McAllister,* 45 Md. 290, the suit was brought to recover from the appellant a sum of money due by a certain Jacob S. Bohn to the appellee, and which, it was alleged, the appellant promised to pay in consideration that the appellee would forbear to institute proceedings in bankruptcy against the said Bohn, and the Court said: "If the appellee had received the bill of sale and the assignment from Jacob S. Bohn (and the evidence of his having received them was uncontradicted) and at the time he received them had knowledge of reasonable cause to believe that Bohn was insolvent, he thereby received a preference forbidden by the Act, and could not have proved his debt against his debtor in bankruptcy, and therefore could not have filed a petition in bankruptcy against him."

"If he could not have proceeded against him in bankruptcy, the promise of the appellant to pay the debt in consideration that the appellee would forbear to proceed in bankruptcy against Bohn, was without consideration, and there could be no recovery upon it." In case of *Smith* v. *Easten,* 54 Md. 138, JUDGE BRENT says: "The alleged promise of the appellee was to guarantee the debt of another already due by indorsing his promissory note. Such a guarantee, to carry with it liability to the payee, is not only required to be in writing, but it must also be supported by a consideration. The consideration in this case is the forbearance of the appellants to sue out process of attachment against the stock of goods of their debtor, then in the store at Chesapeake City. * * * As the appellants, upon the proof in the record, had no legal right to attach, there was an utter failure of consideration, under the authority of the case cited from 45 Md., for the promise of the appellee, even if such promise had been established by proof legally sufficient to be sub-

mitted to the jury." To the same effect are the cases of *Ecker* v. *McAllister,* 54 Md. 362, and *Schrœder* v. *Fink,* 60 Md. 436.

The appellee relies upon the cases of *Small* v. *Schaefer,* 24 Md. 143; *Lumber Co.* v. *Israel Congregation,* 100 Md. 125; and *Oldenburg* v. *Dorsey,* 102 Md. 172. Upon examination it will be found that each one of these cases is in entire accord with the cases we have cited, and the promise relied on is supported by a sufficient consideration consisting of some advantage or benefit obtained by the promisor, etc. In the last two of these cases the promises were not to pay existing debts, but there was evidence tending to show that the credit was given relying upon the promises of the defendants to pay. In the *Small Case* the defendant obtained from a certain McGinn five bonds upon a promise to pay the plaintiff a debt due by McGinn which the bonds were deposited in bank to secure.

The case presented by the prayer referred to is one in which the promise is to pay the existing debt of another, and the only consideration for the promise was the promise of the attorney for the appellee to forbear to file a lien which the law did not authorize.

That part of the prayer which required the Court, sitting as a jury, to find that the purpose of the defendant was "to subserve some purpose of his own" does not relieve the situation, but would have been misleading had the prayer been in other respects sound. If the property of the defendant had been liable to a mechanic's lien for the materials furnished the promise would have been supported by sufficient consideration, and would also have fallen within the well recognized exceptions to the operation of the 4th section, 29th Charles II.

It follows from what has been said that there was error in the granting of the plaintiff's second prayer, and as the evidence in the record shows that the plaintiff is not entitled to recover at all from the defendant, the judgment of the

Court below must be reversed without awarding a new trial, and it is not necessary to consider the rulings of the Court below on defendant's prayers.

> Judgment reversed, with cost to the appellant, without awarding a new trial.