# ZACHARIAH H. BUSBY *vs.* CHARLES CONOWAY.

In an action upon a promise made upon consideration of forbearance to file a *caveat* to a will, the declaration must show that the plaintiff was *interested* in setting the will aside.

It is a fatal objection to a declaration in such a suit that it fails to allege that the testator left *assets* after *payment of debts* in which plaintiff would have an interest.

In a suit for forbearance to sue the declaration must allege that there was a *debt due;* the allegation that a dispute and controversy existed respecting it is not sufficient.

In a suit based upon forbearance, the declaration must show that the forbearance promised by the plaintiff was either a detriment to him or a benefit to the defendant.

APPEAL from the Circuit Court for Carroll county.

*Assumpsit* by the appellant against the appellee, to recover a sum of money agreed to be paid by defendant, in consid-

eration that the plaintiff would forbear contesting the will of Zachariah Conoway.

The declaration alleges that the testator, Zachariah Conoway, made his will, by which, amongst other things, he bequeathed to the defendant real and personal property and estate of a large value, to wit, of the value of $5000, and died without altering or revoking the same; that Rachel, the wife of the plaintiff, is a child and heir at law of the testator, and that the plaintiff had determined to contest said will and file a *caveat* thereto in the orphans court when the same should be offered for probate, in the name of himself and wife, alleging, that the testator, at the time of making said will, was not of sound mind and not capable of making a valid will, of which intention and determination the defendant had notice, and thereupon, in consideration that the plaintiff would forbear and desist from contesting said will and filing a *caveat* thereto as aforesaid, the defendant undertook and promised the plaintiff to pay him as much money as a certain Belinda Jacobs was to have under said will, which was the sum of $200, whenever he should be thereto required; that relying upon this promise the plaintiff did from thence forbear and desist from contesting said will and filing a *caveat* thereto, according to his intention and determination as aforesaid, of which the defendant had notice, but has refused upon request to pay the plaintiff the said sum of $200, &c. The plea was *non assumpsit*.

*Exception.* The plaintiff proved by a competent witness, that on the evening after the burial of the testator witness read his will in the presence of the defendant, and the plaintiff and his wife Rachel, a daughter of the testator, and several other parties; that plaintiff's wife complained very much about the provisions of the will, and said it was not the will of the testator, that he had been unduly influenced by other persons to make it, and that there would be a law-suit about it. He then offered the will, by which the testator devised to his two sons, Zachariah and Charles, (the defendant,) all his real estate, comprising part of two tracts of land which are described in the will, and also all his personal estate not hereinbefore willed. After other pecuniary bequests, the testator also be-

queathed to his daughter, Belinda Jacobs, $200, to be paid by his two sons seven years after his decease without interest. The plaintiff then further proved by another witness, that some two or three years after the death of the testator, witness went to the house of the plaintiff in company with the defendant, and whilst there plaintiff's wife, Rachel, asked defendant whether he did not promise her on the evening after her father's burial that he would give her $200 if she would say no more about her father's will? that defendant thereupon replied to said Rachel's inquiry, "Rachel, I did tell you that you should have as much as Belinda Jacobs was to get under the will, but I did not tell you when you would get it."

The defendant then prayed the court to instruct the jury, that from the pleadings and evidence in the case the plaintiff is not entitled to recover, *because:*—1st, his declaration is radically defective and bad on general demurrer, there being no good and legal consideration to support the promise set out in it. 2nd, there is a material variance between the allegations of the declaration and the evidence to sustain the case, in this, that the promise alleged is a promise made to the plaintiff, whereas the proof is that the promise was made to Rachel, his wife. (This 2nd reason was abandoned in argument in this court.) 3rd, there is a material variance between the declaration and the evidence, and the latter is not sufficient in point of law to entitle the plaintiff to recover on the promise alleged in the declaration. 4th, the plaintiff has not offered any legal and competent evidence, of a good and legal consideration, sufficient in law to sustain the allegations in the declaration and the promise upon which he seeks to recover.

The court, (Nelson, J.,) granted this prayer, and to this ruling the plaintiff excepted and appealed.

The cause was argued before Le Grand, C. J., Eccleston, Tuck and Mason, J.

*William P. Maulsby* for the appellant, argued, that there is a sufficient consideration set out in the declaration to support the promise. A consideration is sufficient if it arise from any

8     v.8

act of the plaintiff from which the defendant or a stranger derives a benefit or advantage, however small, if such act is performed by the plaintiff with the consent, express or implied, of the defendant; 2 *Saund. Rep.*, 137, *note (g.)* 1 *Selw. N. P.*, 46, title, *Assumpsit.* 1 *Taunt.*, 523, *Williamson vs. Clements.* 4 *Do.*, 611, *Baily vs. Croft.* 5 *Barn. & Ald.*, 117, *Longridge vs. Dorville;* or by reason of any damage, or any suspension or forbearance of plaintiff's right at law or in equity; or any possibility of a loss occasioned to the plaintiff, although no actual benefit accrues to the defendant. 1 *Saund. Rep.*, 211, *c.* It is sufficient if a slight benefit be conferred by plaintiff on defendant or a third person, or even if the plaintiff sustain the least injury, inconvenience or detriment. 3 *Burr.*, 1670, 1672, 1673, 1674, *Pillans vs. Van Mierop.* 2 *Barn. & Cres.*, 474, *Bates vs. Cort.* The relinquishment of a doubtful title is a sufficient consideration. 4 *East*, 463, *Jones vs. Ashburnham.* 12 *Wend.*, 383, *Seaman vs. Seaman.* So also is the compromise of a doubtful right. *Newland on Contracts*, 78. 1 *Atk.*, 10, *Stapilton vs. Stapilton.* 1 *Peere Wms.*, 727, *Cann vs. Cann.* See also as to what will constitute a sufficient consideration, 1 *Gill*, 1, *Stevenson vs. Reigart.* 9 *Gill*, 460, *Cook vs. Duvall.* 4 *Md. Rep.*, 492, *Ellicott vs. Peterson.* This case differs from that of *Seaman vs. Seaman*, 12 *Wend.*, 381, thus: in that case the declaration alleged the making of a will and the devise of a large amount of property to the defendant and others, but, *non constat*, the plaintiff was not one of those others and equally interested with defendant in admitting the will to probate. In this case the declaration avers the devise by the will to the defendant alone, and on the face of the declaration the defendant was the only party interested in sustaining it. It also alleges that plaintiff's wife was heir at law, and therefore necessarily injured by the devise to defendant of the whole estate of the testator, so far as appears on the face of the declaration. The declaration therefore shows all that it is requisite.

*Joseph M. Palmer* for the appellee, argued:

1st. That the plaintiff has not alleged in his declaration any

sufficient consideration to enable him to sustain his action upon the supposed promise against the defendant.  There must be, to make a promise obligatory, some injury to the plaintiff or some benefit to the defendant, and this must appear in *the declaration*, otherwise it is considered a *nudum pactum*.  3 *Burr.*, 1673, *Pillans vs. Van Mierop.*  4 *East.*, 463, *Jones vs. Ashburnham.*  12 *Wend.*, 383, *Seaman vs. Seaman.*  1 *Parsons on Cont.*, 367.  11 *Mees. & Wels.*, 641.  1 *Strange*, 94, *Loyd vs. Lee.*  *Forbearance* to sue and the *settlement* of a claim are different things.  Where an action is brought on a promise to forbear to sue, the plaintiff must allege in his declaration that he had a *right of action.*  In case of an action on a promise to settle a suit he must allege a *pending suit*, and in case of *forbearance* he must allege a *claim* which *could have been enforced.*  There could have been no suit against the defendant here, and the only allegation is of a forbearance to file *a caveat.*  This is *no claim.*  It is only a fact to be established in order to lay the foundation for a claim.

2nd.  It is not alleged in the declaration that the plaintiff was in any way interested in setting aside the will, or that he could be in the least benefited by contesting the will before the orphans court.  There is no allegation that he or his wife would be entitled to a distributive share *after debts were paid.*  12 *Wend.*, 383.  4 *East*, 463.  1 *Stephen's N. P.*, 255 *to* 259.  4 *Mees. & Wels.*, 795, *Nelson vs. Serle.*  11 *Do.*, 641.  11 *G. & J.*, 161, *State vs. Gaither.*

3rd.  There is no distinct and affirmative allegation in the declaration, that the testator was of unsound mind and incapable of making a valid deed or will, or that the will was obtained by fraud or undue influence, and even if there were apt and proper averments to this effect, there is not one particle of proof to show that there was the slightest cause or foundation for filing and sustaining a *caveat* to the will.

4th.  The defect in the declaration, in not setting forth a good and legal cause of action, can be taken advantage of by a prayer to the court to instruct the jury that it is insufficient.  4 *G. & J.*, 467, *Berry vs. Harper.*  1 *Do.*, 429, *Higdon vs. Turner.*  3 *Do.*, 377, *Turner vs. Walker.*  11 *Do.*, 160.

5th. There is a material variance between the contract or agreement set out in the declaration and that proved in the case. 2 *Doug.*, 666, *Bristow vs. Wright.* 5 *Term Rep.*, 496, *Peppin vs. Solomons.* 2 *East*, 446, *Williamson vs. Allison.* 1 *Greenlf. on Ev.*, sec. 53. *Gould's Pl.*, 160, 165. 8 *G. & J.*, 248, *Steam Nav. Co. vs. Dandridge.* 3 *H. & J.*, 383, *Walsh vs. Gilmor.*

ECCLESTON, J., delivered the opinion of this court.

The case of *Seaman vs. Seaman*, 12 *Wend.*, 381, is very similar to the present in several important particulars. There the *nar* alleged that the father of the plaintiff and of the defendants left a will, in which he gave to the *defendants and others* a large amount of property, real and personal; that after death of the father and before the will was proved, the plaintiff became dissatisfied with its provisions, and entertaining doubts in regard to the sanity of the testator at the time of the execution of the will, he filed a *caveat* against its being admitted to probate. That subsequently, in consideration that the plaintiff would withhold all opposition to the proving of the will, the defendants promised, in case the will should be proved and allowed, to pay to the plaintiff $500. The plaintiff also averred, that in consideration of the promise of the defendants, he promised to withhold all opposition to the probate of the will, and that he made no further opposition thereto, and that the will was thereupon duly proved and allowed, and letters testamentary were issued thereon to the defendants, who were named as executors in the will. Upon a demurrer to the *nar* judgment was given in favor of the defendants. And Justice Nelson, speaking for the court, says: " As, however, it does not sufficiently appear in the declaration that the plaintiff was *particularly* interested in setting aside the will of his father, and without this he could have no interest in contesting it before the surrogate, and of course lost nothing by the agreement, I think the demurrer well taken." In the particular which rendered that *nar* defective, the one before us is certainly quite as defective.

In *Edwards vs. Baugh*, 11 *Mees. & Wels.*, 646, the allega--

tion being that certain *disputes* and *controversies* were pending between the plaintiff and defendant, whether the defendant was indebted to the plaintiff in the sum of 173£, 2s, 3d, and that in consideration of the plaintiff's promise not to sue, the defendant promised to pay him 100£, the *nar* was held bad, as not showing a sufficient consideration, there being no allegation of any debt being due, but simply that a dispute and controversy existed respecting it. Lord Abinger thought there was nothing in the word "controversy" to render the alleged consideration a good one, and that the controversy merely was, that the plaintiff claimed the debt and the other denied it. See the cases referred to in the note on page 647. Also 4 *East*, 455, 463, *Jones vs. Ashburnham;* 2 *Man.*, *Gran.* & *Scott*, 548, in 52 *Eng. C. L. Rep.*, 546, *Wade vs. Simeon,* and 1 *Parsons on Cont.*, 365 *to* 367.

In *Jones vs. Ashburnham*, the *nar* was held bad, because it did not show that at the time of the promise made by the defendant there was any administration upon the estate of the deceased original debtor, or that he left any assets. In regard to the rule that "any damage to another, or suspension or forbearance of his right, is a foundation for an undertaking," &c., as laid down by Mr. Justice Yates, in *Pillans vs. Van Mierop*, 3 *Burr.*, 1673, when considering how that rule would apply to the case as stated by the *nar*, in *Jones vs. Ashburnham*, Lord Ellenborough says: "Now how does the plaintiff show any *damage* to himself by forbearing to sue, when there was no fund which could be the object of suit; where it does not appear that any person *in rerum natura* was liable to be sued by him? No *right* can exist in this vague, abstract and indefinite way." And again he says: "But here, whether there were any representative, or any funds of the original debtor, does not appear." Grose, J., also refers to the defect in the *nar* for want of averring the existence of assets and an administration.

Rolfe, B., in *Edwards vs. Baugh*, denies the correctness of the proposition laid down by Mr. Henderson, in argument that forbearance would be a good consideration for a promise; so that, if it had appeared on the face of the declaration that

nothing was due to the plaintiff, his forbearance to sue would even then‛ be a consideration. The Baron says: "I cannot subscribe to that. I think the plaintiff is bound to show a consideration, in the shape of something, either beneficial to the opposite party or detrimental to himself."

The present *nar* contains no allegation that Zachariah Conoway, the testator, left any assets, either real or personal, after payment of his debts. Nothing is said having the slightest relation to the subject of assets, except simply that by the will, amongst other things, the testator devised and bequeathed to the defendant "real and personal property and estate of a large value, to wit, of the value of $5000." The *nar* therefore does not sufficiently show that the forbearance promised by the plaintiff was either a detriment to him or a benefit to the defendant, which we consider necessary in a suit based upon *forbearance.* The statement here made in reference to the gift of property by the will, is very similar to that in *Seaman vs. Seaman,* where the averment is, that "the father of the plaintiff and of the defendants, in his lifetime, made and published his last will and testament, whereby he devised and bequeathed to the *defendants and others* a large amount of property, real and personal."

There is no proof before us except what was given by the plaintiff. And although its truth, in every particular, be admitted, and the declaration be assumed to contain the statement of a sufficient consideration for the alleged promise of the defendant, nevertheless we do not think the proof sustains the contract as laid. An affirmance of the judgment must therefore follow.

*Judgment affirmed.*