## UNITED STATES v. ASSOCIATION OF AMERICAN RAILROADS et al.

### Civ. A. No. 4551.

District Court of the United States for the District of Columbia.

Decided Dec. 3, 1940.

226

Thurman Arnold, Asst. Atty. Gen., Edward M. Curran, U. S. Atty. for District of Columbia, and Frank Coleman, Sp. Asst. to Atty. Gen., all of Washington, D. C., for plaintiff.

J. Carter Fort, J. M. Souby, Gregory S. Prince, and R. V. Fletcher, all of Washington, D. C., for defendants.

BAILEY, Justice.

The United States has brought suit against the defendants charging them with a combination and conspiracy to restrain interstate commerce, alleging the adoption by the defendant association of certain resolutions embodying an agreement by the defendant railroads to refrain from establishing through rates facilitating the interchange of property and passengers between railroads and motor carriers.

After the suit was begun, negotiations were conducted between counsel for the plaintiff and the defendants which resulted in the defendant Association and its members rescinding the resolutions complained of. It was apparently the understanding at the time that when this had been done the plaintiff would dismiss the suit. However the Assistant Attorney General in charge of the suit did not concur in the view that the case should be dismissed and refused to do so. The defendants then moved to dismiss the suit.

The defendants state that they "do not allege, or rely upon for support of this motion, any agreement, express or implied, binding the plaintiff for a dismissal of its complaint. Defendants rely upon the action taken by them and the surrounding circumstances * * * as rendering wholly unnecessary any decree of this court other than a decree of dismissal".

I think that this case is governed by the principles laid down by the Supreme Court in United States v. Trans-Missouri Freight Association, 166 U.S. 290, 17 S.Ct. 540, 546, 41 L.Ed. 1007. In that case the Government attacked the validity of an agreement by certain railroads to form themselves into an association and through it to agree upon rates and charges. After the decision of the trial court, the defendants moved before the Supreme Court to dismiss the appeal (by the Government) upon the ground that the association had been dissolved and the agreements abandoned. This motion was overruled, the Court stating: "The judgment of the court is sought upon the question of the legality of the agreement itself for the carrying out of which the association was formed, and, if such agreement be declared to be illegal, the court is asked, not only to dissolve the association named in the bill, but that the defendants should be enjoined for the future."

The Court further said: "If the injunction were limited to the prevention of any action by the defendants under the particular agreements set out, or if the judgment were to be limited to the dissolution of the association mentioned in the bill, the relief obtained would be totally inadequate to the necessities of the occasion, provided an agreement of that nature were determined to be illegal. The injunction should go further, and enjoin defendants from entering into or acting under any similar agreement in the future. In other words, the relief granted should be adequate to the occasion."

The chief case apparently relied upon by the defendants is United States v. United States Steel Corporation, 251 U.S. 417, 40 S.Ct. 293, 64 L.Ed. 343, 8 A.L.R. 1121, but it appears that when the Supreme Court discussed that case, the acts complained of had ceased some nine years before, and nine months before the suit was brought.

On the whole I do not think that the questions in controversy in this case are moot, and the motion to dismiss will be overruled.