## FRUIT GROWERS CO-OP. v. CALIFORNIA PIE & BAKING CO., Inc.

Civil No. 2692.

District Court, E. D. New York.

June 24, 1942.

Lord, Day & Lord, of New York City, for plaintiff.

Henry H. Diener, of New York City, for defendant.

MOSCOWITZ, District Judge.

This is a motion by defendant under Rule 14 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, for leave to add various railroad companies as third party defendants. It appears that the plaintiff, pursuant to agreement, shipped certain cherries to defendant in New York, shipment being f.o.b. Sturgeon Bay, Wisconsin. The cherries admittedly arrived in bad condition and, when defendant refused to pay the balance of the purchase price, plaintiff brought this suit. Defendant now seeks to join the railroads over which the goods were shipped, in order to determine all issues in one proceeding.

If the cherries arrived in bad condition, as appears to be the case, the responsibility would seem to be that of the plaintiff or the carrier, so that a simple and expeditious determination of this whole controversy would seem to make desirable the joinder of all parties, if that be possible under the Rules. Were this matter litigated in two separate proceedings, defendant would find itself in the unenviable position of proving the carrier's freedom from negligence in its action with the plaintiff, and then proving the existence of negligence on the part of the carrier in any subsequent suit brought by it against the carrier.

Pursuant to Rule 14 of the Rules of Civil Procedure, a defendant may move "for leave as a third-party plaintiff to serve a summons and complaint upon a person not a party to the action who is or may be liable to him or to the plaintiff for all or part of the plaintiff's claim against him." Whether "the plaintiff's claim" as used in Rule 14 embraces defendant's proposed action against the carrier is the question at issue. Undoubtedly Rule 14 was primarily intended to cover the insurer and indemnitor sort of situation, but it is hardly to be so precisely limited.

Here plaintiff sues in contract, whereas defendant asserts a tort claim against the carriers. Yet both are civil actions within the new Rules, and clearly, if the cherries arrived damaged, defendant is seeking merely to transfer to the carriers the liability which is being asserted against it. The situation so closely approximates that of the surety or indemnitor that the case appears reasonably within the scope of Rule 14. Considerable time would be wasted were two separate actions necessary. The responsibility for the damage is

either that of the plaintiff or the carrier. Much is to be gained by having all parties before the Court. It is moreover by no means certain that plaintiff has no cause of action against the carriers. If the facts, as they develop, should show such a cause of action, the carriers could properly be joined under Rule 14 as persons liable to the plaintiff.

Motion granted.

Settle order on notice.