GORN *v.* KOLKER ET AL.

[No. 201, October Term, 1956.]

(Two Appeals In One Record)

552

*Decided June 6, 1957.*

The cause was argued before COLLINS, HENDERSON, HAMMOND and PRESCOTT, JJ., and KINTNER, J., Associate Judge, Second Judicial Circuit, specially assigned.

*Isidor Roman,* with whom was *John J. Kent* on the brief, for appellant.

The Court declined to hear argument for the appellees. *William Saxon,* on the brief for the appellees.

HENDERSON, J., delivered the opinion of the Court.

These appeals are from the denial by the trial court of motions to make Phyllis J. Schreter, and others, third party defendants in an attachment on judgment proceeding. The appellees had obtained a judgment by default against the appellant on September 13, 1944, in the amount of $8,251.66. In 1948, they filed a bill in equity seeking the sale and partition of certain real estate owned by Gorn and others to satisfy the judgment, and a demurrer to this bill was sustained. In an amended cross-bill, filed in 1952, Gorn sought to have the judgment declared null and void, on grounds of fraud, mistake, and that the claim on which the judgment was

based had been satisfied. On appeal to this Court, the cross-bill was dismissed on the ground that there was no proof of a meritorious defense. *Kolker v. Gorn*, 202 Md. 322, decided May 13, 1953.

An attachment on judgment was issued on July 1, 1954, and laid in the hands of Marsam Contracting Company, Inc. This garnishee confessed assets in the amount of $174.18. Another attachment was laid in the hands of Gorn Brothers, Inc., and there was a plea of *nulla bona* by this garnishee. On July 12, 1954, the judgment creditor filed replications to these pleas, claiming that the garnishees had in hand more moneys than they admitted, and also filed interrogatories that were duly answered to the effect that no other funds were due Gorn. Presumably the judgment creditor would have been entitled to move for summary judgment for the sum admitted, but no such motion was filed and the cases were not set down for trial. On March 1, 1956, the judgment debtor appeared by counsel and filed pleas and motions to quash the attachments asserting, among other things, that "he never promised as alleged", that the judgment was obtained by fraud, and that it had been paid, satisfied, discharged or released. The judgment creditor filed a replication and plea of *res judicata* in each case, but again the cases were not set for trial. On September 4, 1956, the judgment debtor filed motions to make Mrs. Schreter and others third party defendants, to which the judgment creditor filed motions to dismiss, on the ground that the motions were an attempt to reopen the original case. These motions to dismiss were granted.

An attachment on judgment is considered as an execution and governed by the same principles. *Sharpless Separator Co. v. Brilhart*, 129 Md. 82, 86. The right to obtain such an attachment is conferred by Code (1951), Art. 9, sec. 29. The garnishee may, of course, defend on the ground that no moneys are due by it to the judgment debtor, *Bendix Radio Corp. v. Hoy*, 207 Md. 225, 229, but may not attack the validity of the judgment on which the attachment issues. It would appear that both the garnishee and the judgment debtor may appear to contest the condemnation of the funds gar-

nished. See *Gomborov, The Law of Attachment in Maryland,* p. 93. But neither can contest the claim merged in the judgment. *Farley v. Colver,* 113 Md. 379, 384. In *Bartlett v. Wilbur,* 53 Md. 485, 497, and *Summers v. Oberndorf,* 73 Md. 312, 314, which were attachments laid prior to judgment under Code (1951), Art. 9, Sec. 1, *et seq.,* it was held that after judgment in the short note case the liability of the judgment debtor was no longer in issue, and that the sole issue under a plea of *nulla bona* is whether the garnishee has funds of the debtor liable to garnishment.

The appellant relies upon Rule 4(a), Section III, Pt. Two, of the General Rules of Practice and Procedure (Rule 315 of the new Maryland Rules), which permits the filing of a third-party claim "Where the defendant in an action claims that a person not a party to the action is or may be liable to him for all or part of the plaintiff's claim against him * * *." The rule is substantially the same as Rule 14 of the Federal Rules. We may assume that "action", which is broadly defined in Rule 5 a of the new Maryland Rules, but somewhat less broadly in Rule 1(a), Section III, Pt. Two, of the General Rules of Practice and Procedure, would include a proceeding of this nature, although we are referred to no case, and we have found none, where the point has been decided. Nevertheless, the claim now asserted is based on alleged indemnity agreements made in 1943, prior to the rendition of the judgment, incident to the transfer of certain properties to Mrs. Schreter, daughter of Benjamin Kolker, and to certain trustees for the benefit of creditors of the judgment debtor. These transactions were discussed in *Kolker v. Gorn, supra,* and it may well be that the claim is *res judicata.*

Whatever may be the status of the judgment debtor's claim that the judgment has been satisfied, although it would appear that the only satisfaction claimed was prior to the rendition of the judgment, it seems clear that the third-party claim is wholly unrelated to the claims against the garnishees in the instant case, and would furnish no defense to a judgment of condemnation. The third-party practice was designed primarily to avoid a separate trial involving a repetition of testimony and to ensure more consistent judgments on related

claims. See Explanatory Notes of the Reporter, Code (1947 Supp.), pp. 2100, 2103. These purposes would not be served by the trial of an unrelated issue between the defendant and third parties. In any event, it is generally held that the allowance of a third-party claim rests in the sound discretion of the trial court. *Clark, Code Pleading* (2d ed.), p. 410, n. 249, and p. 418, n. 276; *General Taxicab Ass'n v. O'Shea,* 109 F. 2d 671 (C. A. D. C.) ; *Ford Motor Co. v. Milby,* 210 F. 2d 137 (C. A. 4th Cir.). It was also held in the case last cited that the denial of such a motion is not a final judgment, but we held to the contrary in *Northwest'n Nat. Ins. Co. v. Rosoff,* 195 Md. 421, 433. That the trial court has a wide discretion under the Maryland practice seems to be implicit in Rules 4(d) and 5(b) of the General Rules of Practice and Procedure, Sec. III, Pt. Two. Cf. Rule 315 e 1, of the new Maryland Rules.

It is conceded in the instant case that the third-party motions were filed more than thirty days after the actions against the garnishees were at issue, and in such case the Rule requires a showing by the moving party that "the delay was excusable or does not prejudice other parties to the action." Aside from a bald assertion of no prejudice, there was no showing that the delay was excusable. On the contrary, the trial court may well have believed that the introduction of an unrelated issue would unduly delay and complicate the determination of the plaintiff's case, quite apart from doubt as to whether the third-party claim was anything more than an attempt to reopen the judgment on which the proceeding was instituted. Under all the circumstances, we find no abuse of the trial court's discretion.

*Order affirmed, with costs.*