Simon FRIEDMAN, Plaintiff,

v.

**WILSON FREIGHT FORWARDING COMPANY**, a corporation, Defendant (Fred Hitzeman, Third-Party Defendant, O. Steinman, Inc., Fourth-Party Defendant).

Civ. A. No. 17354.

United States District Court
W. D. Pennsylvania.

Feb. 17, 1960.

**328**

James P. McArdle, Pittsburgh, Pa.,
for plaintiff.

Samuel M. Rosenzweig, Pittsburgh,
Pa., for defendant.

George I. Buckler, George Y. Meyer,
Pittsburgh, Pa., for third-party defendant.

Bruce R. Martin, of Pringle, Bredin &
Martin, Pittsburgh, Pa., for fourth-party
defendant.

MARSH, District Judge.

Plaintiff, Friedman, brought a personal injury action against Wilson Freight Forwarding Company (Wilson). The court will assume for the purpose of this opinion that it has jurisdiction of the action because of diversity of citizenship, although that fact does not appear in the complaint or in the amended complaint.

The defendant Wilson filed an answer and the next day secured leave of court to bring in Hitzeman as a third-party defendant. The case was assigned to the writer for pretrial and trial, and

the Clerk notified the parties accordingly. Later, the defendant Wilson secured an order for leave to bring in O. Steinman, Inc. (Steinman) as a fourth-party defendant.[1] A fourth-party complaint was filed and substituted service was made on Steinman pursuant to Rule 4(d)(7), Fed.R.Civ.P., 28 U.S.C.A., and the Pennsylvania Nonresident Motorist Act, 75 Purdon's Pa.Stat.Ann. § 1201 (1958).

The problem for decision arises from Steinman's motion to dismiss the fourth-party action on the following grounds: (1) that the court lacks jurisdiction over the person of Steinman; (2) that the fourth-party complaint as drawn is not authorized by the Federal Rules of Civil Procedure; (3) that the fourth-party complaint fails to state a claim upon which relief can be granted. Alternatively, Steinman asks the court to vacate the order permitting joinder of the fourth-party defendant.[2]

Apparently recognizing that the motion to dismiss was meritorious, Wilson promptly filed an amended complaint against Steinman, alleging that Hitzeman and Steinman were joint venturers in an undertaking to haul materials for Wilson.

Steinman then asserted[3] that Wilson's amendment to the fourth-party complaint, not having been served upon it was ineffective; thereupon Wilson had the amendment served upon Steinman pursuant to the Nonresident Motorist Act, supra.

We are of the opinion that the amendment and service thereof cured the alleged jurisdictional defects. Section 1653, Title 28 U.S.C.A.; Moore v. Coats Company, 3 Cir., 1959, 270 F.2d 410; Stern v. Beer, 6 Cir., 1952, 200 F.2d 794.

1. The Clerk inadvertently presented the petition for leave to the judge handling miscellaneous matters who executed the order. Undoubtedly, it was the obligation and duty of the defendant's counsel to either address the petition to the judge assigned to the case or otherwise direct the Clerk to see that it was brought to his attention. In some instances a failure to present motions or petitions to the assigned judge may result in serious consequences to the party ignoring him.

2. See Steinman's renewed motion to dismiss, filed the 23rd day of September, 1959.

3. Ibid.

■■ There can be little doubt that the substituted service on Steinman pursuant to the Pennsylvania Nonresident Motorist Act was lawful. Giffin v. Ensign, 3 Cir., 1956, 234 F.2d 307; Pasternack v. Dalo, D.C.W.D.Pa.1955, 17 F.R. D. 420. Since it has been established that the word "operator" as used in said Act is not limited to the nonresident driver, but includes the driver's nonresident master, Eckman v. Baker, 3 Cir., 1955, 224 F.2d 954, 957, and includes a nonresident member of a partnership where a motor vehicle is operated by another on partnership business, Rigutto v. Italian Terrazzo Mosaic Co., D.C.W.D. Pa.1950, 93 F.Supp. 124, 127, *a fortiori* it would include a nonresident member of a joint venture where a motor vehicle is operated by another on the business of the joint venture. Thus, we hold that the court has jurisdiction of the person of Steinman.

■■ As to defendant Wilson's claim for relief, it does not appear for a certainty that Wilson would not be entitled to relief under the facts averred or which might be proved in support of its fourth-party complaint. Cf. Frederick Hart & Co., Inc. v. Recordgraph Corp., 3 Cir., 1948, 169 F.2d 580. Resembling the law of partnership, all the members of a joint adventure may be liable jointly and severally for a tort committed by one of them in conducting the business of the joint venture. 48 C.J.S. Joint Adventures §§ 13, 14e; 30 Am.Jur., Joint Adventures, § 56. Therefore, if in the prosecution of the business of the joint venture, Hitzeman was operating a tractor-trailer as the agent of the defendant Wilson, as alleged in the complaint, and negligently injured the plaintiff, Wilson would be entitled to indemnity from either or both Hitzeman and Steinman, the alleged members of the joint venture.

■ Since jurisdiction of the person of Steinman appears, and since Steinman has failed to support its motion to dismiss by evidence which would to a legal certainty require a conclusion by the court that Steinman and Hitzeman were not joint venturers, final disposition of the matter should be reserved to the trial and the preliminary motion denied. We think this to be especially so in the instant case where the jurisdictional question of joint venture is closely tied to the merits, which fact, if disputed, may be tried to a jury if Steinman so desires. See: Wade v. Rogala, 3 Cir., 1959, 270 F.2d 280, 285; Boulay v. Pontikes, D.C. W.D.Mo.1950, 93 F.Supp. 826, 829.

■ Wilson also alleged in his amended complaint that if it be found liable to plaintiff "then and in that event said O. Steinman, Inc. and Hitzeman are liable over to this defendant." [4] Although not in the form recommended by Form 22, Fed.R.Civ.P., we think the allegation is in substantial compliance with the requirement of Rule 14(a), Fed.R.Civ.P.

Wilson filed a second amended complaint and served it upon Steinman. Neither leave of court nor the consent of Steinman was obtained as required by Rule 15(a), Fed.R.Civ.P. However, the position we have taken with respect to the first amended complaint, makes it unnecessary to consider Wilson's second amendment.

For the foregoing reasons, we are of the opinion that the court has jurisdiction over Steinman; that the first amended fourth-party complaint substantially conforms to the Federal Rules of Civil Procedure, and that it states a claim upon which relief can be granted. The order permitting joinder of O. Steinman, Inc. as fourth-party defendant may stand as authorized and approved by the assigned judge nunc pro tunc.

An appropriate order will be entered.

---

4. Previously in its third-party complaint against Hitzeman as third-party defendant, Wilson alleged that Hitzeman "is either alone or jointly liable with the original defendant, in which case, the original defendant is entitled *to contribution.*" (Emphasis supplied.)