## ALLEN & WHALEN, INC. *v.* JOHN C. GRIMBERG COMPANY, INC.

[No. 28, September Term, 1962.]

*Decided November 5, 1962.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, HORNEY and SYBERT, JJ.

*Joseph A. Lynott, Jr.,* for appellant.

*John M. McInerney,* with whom were *McInerney & Latham* on the brief, for appellee.

BRUNE, C. J., delivered the opinion of the Court.

This is an appeal by the original defendant-third party plaintiff from an order of the Circuit Court for Montgomery County sustaining, without leave to amend, a third-party defendant's demurrer to the amended thirty-party complaint filed against it.

A party to this case, but not to this appeal, Thomas W. Yoder Co., Inc. (Yoder) was the prime contractor under some construction contract (not in the record) with the United States Government to be performed for the Army at Fort Detrick. Yoder entered into a subcontract with the appellant Allen & Whalen, Inc. (A. & W.) for the purchase of air conditioning and/or cooling equipment. A. & W. in turn entered into a contract with Worthington Corporation (Worthington) for the purchase of this equipment (a large Diesel engine, we were told at the argument). Yoder also entered into a subcontract with the appellee, John C. Grimberg Co., Inc. (Grimberg) for the installation of the equipment. Worthington sued A. & W. for some $47,736.00 representing the balance alleged to be due on the purchase price of the equipment, and A. & W. filed the general issue pleas and a counterclaim for $45,000.00. In the latter it charged Worthington with breach of warranty and with negligence in the installation of the equipment. A. & W. also filed a thirty-party complaint, later amended, purportedly under Maryland Rule 315, against Grimberg charging it with breach of an implied warranty under its subcontract with Yoder and with negligence in the installation of the equipment. Grimberg demurred to A. & W.'s amended thirty-party complaint, and the trial court sustained the demurrer without leave to amend.

Maryland Rule 315 dealing with third-party practice is modeled largely upon Rule 14 of the Federal Rules of Civil Procedure, as amended in 1946. *Northwestern National Insurance Co. v. Rosoff,* 195 Md. 421, 73 A. 2d 461; *Gorn v. Kolker,* 213 Md. 551, 133 A. 2d 65; Reporter's Notes to General Rules of Practice and Procedure, Part Two, III, Rule 4, Code (1947 Supp.) pp. 2103-2105. Rule 4, *supra,* was the predecessor of the present Rule 315. Rule 315 (a) provides that "Where the defendant in an action claims that a person not a party to the action is or may be liable to him for all or part of the plaintiff's claim against him, he may * * * cause to be served a summons and third party claim * * * upon such third party." The most important question raised by Grimberg's demurrer is whether or not the liability which A. & W. seeks to assert against it is for any part of the original plaintiff's

(Worthington's) claim against the original defendant (A. & W.).

The fact that Worthington's claim against A. & W. is in contract and A. & W.'s claim against Grimberg is or may be in tort does not seem to preclude the filing of a third-party complaint in view of the joinder provisions of Maryland Rule 313, particularly Rule 313 (f). Cf. *McCormick v. St. Francis De Sales Church*, 219 Md. 422, 149 A. 2d 768, and *Lee's, Inc. v. Transcontinental Underwriters, etc.*, 9 F.R.D. 470 (D.C., Md., Chesnut, J.).

However, not every liability of any kind which Grimberg may have to A. & W., in any way related to the equipment which A. & W. bought from Worthington may be made the basis for a third-party complaint by A. & W. against Grimberg in the Worthington v. A. & W. suit. The language above quoted of Rule 315 a requires that the liability of the third-party defendant to the original defendant must be for all or a part of the claim of the original plaintiff against the original defendant. This was recognized in the *Northwestern Insurance* case. The test was there met, as it was in a similar case, *Lee's, Inc. v. Transcontinental Underwriters, etc., supra,* involving F.R.C.P. 14 (a), which was removed to a Federal court on the basis of diversity of citizenship; but in both *Northwestern* and *Lee's,* the third-party complaint was rejected for other reasons as a matter of the exercise of the discretionary power of the trial court.

Cases which turn upon that part of F.R.C.P. 14 (a) requiring that the third-party defendant is or may be liable to the original defendant are not apposite here. (The alternative basis for impleader provided in the original Rule 14 (a), that the third-party defendant is or may be liable to the plaintiff, was eliminated by the 1946 amendment, though its memory occasionally seems to linger on at least enough to call for mention, as here.)

The usual basis for third-party impleader is that the third-party defendant is or may be secondarily liable for all or some part of the plaintiff's claim against the original defendant as in the case of an indemnitor, guarantor, surety or insurer or a joint tortfeasor obligated by substantive law to make contribu-

tion. (See 3 *Moore's Federal Practice* (2nd Ed.), §§ 14.10, 14.11, 14.12; *United States v. Jollimore*, 2 F.R.D. 148 (D.C., Mass.). Of course, the underlying purpose of such Rules as Md. Rule 315 a and 314 c (providing for bringing in additional parties) and 503 (permitting the consolidation of cases for trial) is, in proper cases, to simplify and expedite proceedings and to avoid the useless duplication, expense and possible uncertainty of more than one trial. Each of the Rules just cited is complementary to, but separate from, the others. It does not follow that because a particular result can or might be effected under one of our Rules, just referred to, it may be effected under any of them. That, we think, is an obstacle to our following what was said in *New York, New Haven & Hartford R. Co. v. United States*, 21 F.R.D. 328, with regard to avoiding circuity by upholding a third-party complaint under F.R.C.P. 14, where the same party and the same claim could have been brought in under F.R.C.P. 13 (h). (The court also spoke of avoiding a construction which would render subdivision (b) of F.R.C.P. 14 "inadequate and meaningless." It did not discuss the possibility of any such effect of the decision on F.R.C.P. 13 (h), to which our Md. Rule 314 c corresponds.) The avoidance of circuity was perhaps more persuasive in that case than here, since under both Federal Rules 13 (h) and 14 prior court action or approval was a prerequisite to bringing in the other or third-party defendant. With us, under our Rule 314 c, such action is required; but under our present Rule 315 a (which in this respect differs from our former G.R.P.P., Pt. Two, III, Rule 4 and from F.R.C.P. 14), a summons may be issued for a third-party defendant without first obtaining leave of court. It is not disputed that a demurrer is an appropriate way of raising the sufficiency of a third-party claim. Cf. *Ennis v. Donovan*, 222 Md. 536, 161 A. 2d 698, where demurrers to such a complaint (raising an entirely different question from that here presented) were upheld. We decline to follow and apply the *New York, New Haven & Hartford* case under our Rules.

The requirement of Rule 315 a that the third-party claim must be for all or a part of the plaintiff's claim against the original defendant for which the third-party defendant is or

may be liable to the original defendant is, as we have pointed out, explicit in the rule itself and is recognized in the *North-western Insurance* case. The identical requirement of Rule 14, F.R.C.P. is recognized by a number of authorities. Barron & Hotzoff, *Federal Practice and Procedure* (Rules Ed.), Vol. 1 A, § 426, in discussing Rule 14 say: "The claim against the third-party defendant must be that of the original defendant but it must be based upon the plaintiff's claim against the original defendant." See also 3 *Moore's Federal Practice* (2nd Ed.) § 14.07, pp. 418-19, and 1961 Cum. Supp., § 14.15, n. 22 a, p. 57; *Murtagh v. Phillips Waste Oil Pick-up & Road Oiling Service,* 17 F.R.D. 495 (E.D., Mich.); *North American Philips Co. v. Brownshield,* 9 F.R.D. 132 (D.C., S.D., N.Y.); *Hull v. United States Rubber Co.,* 7 F.R.D. 243; *Liberty Mutual Ins. Co. v. Valleningham,* 94 F. Supp. 17 (D.C., D.C.); *Kohn v. Teleprompter Corporation, Tele-Q Corp.,* 22 F.R.D. 259 (D.C., S.D., N.Y.). Cf. *United States v. De Haven,* 13 F.R.D. 435 (D.C. Mich.); *United States v. Dobrowolski,* 16 F.R.D. 134 (D.C., Md., Coleman, Ch. J.). In the two cases last cited, the court relied upon its discretionary power.

Applying the above test to the present case, we think that A. & W.'s claim against Grimberg does not meet the requirement that Grimberg is or may be liable to A. & W. for a part of A. & W.'s liability to Worthington. In reaching this conclusion we have not overlooked a case heavily relied upon by the appellant, *Fruit Growers' Co-op. v. California Pie & Baking Co.,* 2 F.R.D. 415 (D.C., N.Y., 1942). In that case the plaintiff-seller sued the defendant-buyer for the price of a shipment of cherries which reached the buyer in damaged condition. The buyer than impleaded the carriers over whose lines the shipment had moved. The court said: "The situation so closely approximates that of the surety or indemnitor that the case appears reasonably within the scope of Rule 14. Considerable time would be wasted were two separate actions necessary. The responsibility for the damage is either that of the plaintiff or the carrier. Much is to be gained by having all parties before the Court. It is moreover by no means certain that plaintiff has no cause of action against the carriers. If the facts, as they develop, should show such a cause of action, the carriers

could properly be joined under Rule 14 as persons liable to the plaintiff." Rule 14 so provided when that case was decided. It does not do so now and neither our present Rule 315 nor its predecessor ever did. Whether or not we should agree that in the *Fruit Growers' Co-op.* case the analogy of the position of the carriers to that of a surety or indemnitor was sufficiently close to warrant impleader of the carriers as third parties, we do not regard the situation of Grimberg in the instant case as presenting a close analogy to any of the usual types of cases in which impleader of a person liable to the original defendant in respect of the original plaintiff's claim is upheld.

Whatever liability Grimberg may be under to A. & W., it simply is not a liability for any part of the claim of the original plaintiff, Worthington, against the original defendant, A. & W. Therefore, under the language of the Rule and the authorities above cited as to requirement of such a connection, the attempted impleader of Grimberg is not sustainable. What was said in *Murtagh v. Phillips Waste Oil, etc., supra,* seems very much in point here: "Neither does the fact that the defendant itself may have sustained damage as a result of the negligence of the proposed third-party defendant give it a right to implead the third party. Rule 14 (a) gives the right to implead third parties only when the latter may be liable to defendant 'for all or any part of *plaintiff's* claim against [the defendant],' [Emphasis supplied.]" We think that the order sustaining Grimberg's demurrer to the third-party complaint without leave to amend that complaint further must be affirmed.

This affirmance is without prejudice to any rights which the appellant may have to seek to bring up for trial in a single action its counterclaim against Worthington and its claim against Grimberg, either by bringing a new suit against Grimberg and then seeking consolidation for trial under Md. Rule 503 or by seeking to join Grimberg as a party under the appellant's counterclaim against Worthington, pursuant to Md. Rules 313 c 1 and 314 c. (As to the latter see Barron & Holtzoff, *op. cit. supra,* § 426, dealing with F.R.C.P. 13(h)). We express no opinion with regard to such possible rights. Questions pertaining thereto would first require consideration by the Circuit Court.

*Order affirmed, with costs.*