## BRADYHOUSE ET UX. *v.* LEVINSON

[No. 131, September Term, 1962.]

*Decided February 5, 1963.*

The cause was argued before BRUNE, C. J., and HAM-MOND, PRESCOTT, MARBURY and SYBERT, JJ.

*Benjamin Lipsitz,* for appellants.

*Melvin J. Sykes,* with whom were *Max Sokol* and *Dickerson, Nice & Sokol* on the brief, for appellee.

SYBERT, J., delivered the opinion of the Court.

Appellants, makers of a confessed judgment promissory note, who were defendants in an action brought in the Superior Court of Baltimore City by an assignee thereof, sought to implead the appellee as a third-party defendant. They now appeal from a judgment for costs in favor of appellee, entered on an order granting appellee's motion to dismiss the third-party claim without leave to amend.

On February 10, 1959, appellants signed a confessed judgment note to Security Finance, Inc., for $1,792.00 which was endorsed by Jacham Music Service, Inc., designated under its endorsement as "seller". On July 1, 1960, Jacham, to which the note had been assigned, obtained judgment by confession against appellants for $1,696.00, the principal and interest alleged then to be due, together with interest, costs and attorney's fee. Appellants succeeded in having the court open the judgment and thereupon filed pleas, including the general issue and two special pleas, one alleging absence of consideration and the other failure of consideration for the note sued upon.

On December 7, 1961, appellants filed a third-party claim against the appellee as "S. Robert Levinson, Escrow Agent", consisting of a count for money allegedly received by the third-party defendant for the use of the appellants and also a special count. Neither count specified with any particularity the transaction out of which appellee's alleged escrow status arose, nor the precise terms of the alleged escrow agreement, nor whether the latter was in writing or in parol. The special count alleged that the promissory note had been given to Security Finance, Inc., assignor of the plaintiff, Jacham, "only and solely as part of, and on and subject to all the conditions of, a proposed arrangement" between the parties to the note and the third-party defendant. It was alleged that under this arrangement the consideration for the note, said to be $1,600.00, was not given to appellants for their own use but that appellants were merely "conduits to convey the same to the third-party defendant, as escrow agent, to be held by him in escrow for the sole purpose of payment of said entire proceeds of said alleged promissory note to certain creditors of a certain Moravia Inn, Inc., a licensed alcoholic beverages establishment, only in the event of and at the time of transfer of the alcoholic beverages license of said Moravia Inn, Inc., to said * * * [appellants]." It was further alleged "that said proposed arrangement was never consummated and said alcoholic beverages license of said Moravia Inn, Inc., was not transferred to the * * * [appellants]", and that although the appellants had demanded said $1,600.00 of the appellee, the latter had refused to pay the same. Appellee filed a motion to dismiss the third-party claim, which was granted by the trial court without leave to amend.

Appellants contend that the averments of their third-party claim were sufficient, if established, to show that the appellee is or may be liable to them for all or part of the claim of the plaintiff, Jacham, against them, and that even if the court below felt that the third-party claim, as stated, was not sufficient it should have afforded them an opportunity to amend. Appellee takes the position that the trial court was required as a matter of law to dismiss the third-party claim as not sustainable under Maryland Rule 315 a, and that even if the third-party claim were one that could be brought under the rules, the court in dismissing it was acting within the wide discretion accorded it by law.

Rule 315 a provides that a third-party claim may only be filed "[w]here the defendant in an action claims that a person not a party to the action is or may be liable to him for all or part of the plaintiff's claim against him * * *." As was pointed out in *Allen & Whalen v. Grimberg Co.*, 229 Md. 585, 185 A. 2d 337 (1962), not every liability of any kind which the third-party defendant may have to the original defendant may be made the basis for a third-party complaint; the language of Rule 315 a requires that the third-party claim must be for all or a part of the plaintiff's claim against the original defendant for which the third-party defendant is or may be liable to the original defendant. See also *Northwest'n Nat. Ins. Co. v. Rosoff*, 195 Md. 421, 73 A. 2d 461 (1950).

Applying the rule to the facts of the instant case, appellants' third-party claim could be granted only upon their showing that the escrow agent, appellee on this appeal, is or may be liable to them for all or part of their debt to the plaintiff, Jacham. Since appellee was not a party to the promissory note, the subject of the suit to which he was sought to be impleaded, his liability to appellants for the money to which Jacham makes a claim would necessarily have to appear from some other source—such as the alleged escrow agreement. No such agreement was filed as an exhibit. The difficulty here is that even if it be assumed that under the circumstances of this case the escrow agent would be a proper third-party defendant, the record before us is so scanty that it is impossible to ascertain the exact provisions of the alleged escrow agreement or its precise

scope with relation to the transaction out of which it is said to have arisen. For example, while the third-party claim states that the proceeds of the note were delivered to the escrow agent "for the sole purpose" of paying the money to "certain creditors" of Moravia Inn, Inc., the class or type of such creditors was not averred. Likewise, the third-party claim was silent as to whether the alleged escrow agreement contained any provision with respect to the disposition of the fund in the event the alcoholic beverages license of the Inn was not transferred to appellants. Moreover, there was no allegation that appellants were blameless with respect to the breakdown of the deal for transfer of the license, or that the escrow agent could not be held liable to the creditors of the Inn, or others, in the transaction.

We have recognized that the third-party practice was designed primarily to avoid a separate trial involving a repetition of testimony and to ensure more consistent judgments on related claims, and that such purposes would not be served by the trial of an unrelated issue between the defendant and third parties. *Gorn v. Kolker*, 213 Md. 551, 554-555, 133 A. 2d 65 (1957). See also *Northwest'n Nat. Ins. Co. v. Rosoff, supra.* It is apparent that having to bring in the Moravia Inn's creditors in order to ascertain the liability of the appellee would unduly extend the scope of the proceedings and cause delay and probable extra expense to the original plaintiff. Unless all parties who might claim an interest in the escrow fund were before the court, it is possible that appellee might be subject to double liability if ordered in this case to disburse the funds. See 19 Am. Jur., *Escrow*, Sec. 18.

In any event, it is generally held that the allowance of a third-party claim rests in the sound discretion of the trial court. *Gorn v. Kolker, supra;* 3 *Moore, Federal Practice* (2nd ed.) Sec. 14.05. In view of the considerations of trial convenience, relative hardship, expense, delay, and other practical factors in the case before us, we see no abuse of discretion on the part of the trial court in granting the motion to dismiss the third-party claim without leave to amend.

Appellee admitted in his brief that he holds possession of the escrow fund, and that his only interest therein is to see that

it is turned over to the rightful owner. Appellants made a point of the possibility that they might be denied recourse to the appellee at some future time because of the running of limitations during the course of litigation on the promissory note, but at argument appellee expressly waived any right he might subsequently have to rely upon limitations in this matter, so that no difficulty will be experienced on that score.

*Judgment affirmed; costs to be paid by appellants.*