APEX EXPRESS, INC., ET AL. *v.* BAICOVITZ, ETC.

\* \* \*

APEX EXPRESS, INC., ET AL. *v.* RESNICK

[Nos. 167 and 170, September Term, 1967.]

*Decided April 1, 1968.*

The cause was argued before HAMMOND, C. J., and HORNEY, BARNES, FINAN and SINGLEY, JJ.

*Samuel S. Smalkin,* with whom were *Rollins, Smalkin, Weston & Andrew; Ginsberg & Ginsberg* and *Hyman Ginsberg* on the briefs, for appellants.

*Joseph I. Pines,* with whom were *Max R. Israelson* and *Samuel O. Jackson, Jr.,* on the briefs, for appellees.

PER CURIAM.

These appeals in related cases, argued together, are from the

refusal of Judge Foster in No. 167 and Judge Barrett in No. 170 to permit the appellants to implead a third party defendant long after—in one case several years—the expiration of the thirty-day period in which a defendant can summons a third party defendant as a matter of right under Maryland Rule 315 a and b. Under that Rule (paragraph b) :

> "If more than 30 days have elapsed after the action is at issue such summons on a third party shall be issued only upon consent of the plaintiff or upon a showing that the delay was excusable or does not prejudice other parties to the action."

The history of the cases involved is long and somewhat complicated and counsel for the parties in attack, defense, and counter-attack have used all weapons available to skilled and resourceful practitioners under modern pleading and practice. It would serve no good purpose to detail them here. Suffice it to say that the trial judge is vested with sound discretion under Rule 315 b in deciding whether a defendant's delay in seeking impleader would prejudice "other parties to the action," and his determination that there would be such prejudice will not be disturbed on appeal unless it is shown that he abused that discretion. *Gorn v. Kolker,* 213 Md. 551, 554-55. We do not find in the cases before us any abuse of discretion by Judge Foster or Judge Barrett.

*Orders affirmed, with costs.*