WHITE, ET UX. *v.* LAND HOMES CORPORATION

[No. 413, September Term, 1967.]

*Decided December 5, 1968.*

The cause was argued before MARBURY, McWILLIAMS, FINAN, SINGLEY and SMITH, JJ.

*I. Winston Mezger* and *Carl A. Muly,* with whom were *Mezger and Mezger* on the brief, for appellants.

*Louis M. Riehl* for appellee.

SINGLEY, J., delivered the opinion of the Court.

This litigation commenced on 7 June 1965 when Mr. and Mrs. Donald Saunders (the Saunders), the plaintiffs below, filed an action in ejectment (which, in the same count, sounded in trespass and on the case) in the Circuit Court for Anne Arundel County against Mr. and Mrs. Robert White (the Whites), the defendants below and appellants here. The Saunders alleged that on 6 March 1964 they had acquired title to a leasehold interest in lot 30 and a part of lot 29, as shown

on the plat of Hillside Acres, in Anne Arundel County; that the Whites, who are owners of a leasehold interest in an adjacent property, had taken possession of the bed of St. George Place, a paper street shown on the same plat; that St. George Place abuts the Saunders' property on the northwest; that title to one-half the bed of St. George Place is vested in the Saunders, and that they have an easement over St. George Place. The Saunders sought damages from and an injunction against the Whites.

The Whites demurred to the declaration, and their demurrer was sustained, presumably because the declaration combined three separate causes of action in the same count. The Saunders then filed an amended declaration, based on the same facts, but containing separate counts in ejectment, trespass, and on the case. Damages and an injunction were sought in each count. The Whites filed a plea of not guilty to the ejectment count, and a general issue plea to the other counts. They further set up as an equitable defense the fact that both the Saunders and the Whites held title derived from the same grantor, Land Homes Corporation (Land Homes).

At this juncture the Whites moved [1] pursuant to Maryland Rule 315 a to join Land Homes as a defendant and filed a third-party claim, alleging that the Whites were successors in title to White Villa Corporation; that White Villa Corporation had taken title from Land Homes under a lease which contained a covenant of general warranty, and that Land Homes would be answerable to the Whites, if the Saunders succeeded. After it had been made a party, Land Homes demurred to the third-party claim on the ground that it was answerable to the Whites, if at all, only in an action in assumpsit; that the Whites had not yet suffered any loss; that Land Homes was under no duty to the Whites to bear the expense of defending an action based on an unfounded claim, and that in any event, Land Homes' liability, if any, would be limited to the consideration paid by the Whites for the property, plus interest and court costs.

---

1. As required by Rule 315 b, since the case had been at issue for more than 30 days.

Land Homes also demurred, but for different reasons, to the Saunders' amended declaration. This demurrer was overruled and the question is not before us.

It is from the order sustaining, without leave to amend, Land Homes' demurrer to the Whites' third-party claim that the present appeal was taken.

In their briefs, the Whites raise nine points while Land Homes raises seven: some of which, in each case, may be pertinent to the merits, but not to the ruling on demurrer. As the case was presented in argument, and as we see it, there are but two issues raised by the sustaining of the demurrer: (i) Could Land Homes be impleaded as a third-party defendant? (ii) Did the Whites' third-party claim state a cause of action against Land Homes?

Rule 315 a provides:

> "Where the defendant in an action claims that a person not a party to the action is or may be liable to him for all or part of the plaintiff's claim against him, he may at any time after commencement of the action cause to be served a summons and third-party claim, together with a copy of the previous pleadings, upon such third party.* * *"

We have recognized that Rule 315 is substantially the same as Rule 14 of the Federal Rules of Civil Procedure [2] and have held that "The third-party practice was designed primarily to avoid a separate trial involving a repetition of testimony and to ensure more consistent judgments on related claims.* * * In any event, it is generally held that the allowance of a third-party claim rests in the sound discretion of the trial court." *Gorn v. Kolker,* 213 Md. 551, 554-55; 133 A. 2d 65 (1957). *Accord, Apex Express, Inc. v. Baicovitz,* 249 Md. 351, 240 A. 2d 106 (1968); *Bradyhouse v. Levinson,* 230 Md. 519, 523, 187 A. 2d 838 (1963); *Allen & Whalen, Inc. v. Grimberg Co.,* 229 Md. 585, 586, 185 A. 2d 337 (1962); *Northwestern Nat'l Ins.*

---

2. The critical phrase "* * * a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him" is identical.

Co. v. Rosoff, Ltd., 195 Md. 421, 73 A. 2d 461 (1950). Cf. Great Atl. & Pac. Tea Co. v. Royal Crown Bottling Co., 243 Md. 280, 287, 291, 220 A. 2d 598 (1966).

Land Homes argues that the Saunders' cause of action against the Whites is in ejectment and tort, while any claim which the Whites may have against Land Homes is in contract. As the court below recognized, this is no bar to the impleading of Land Homes as a third party defendant. We have previously held that the fact that the original plaintiff's claim is in contract does not preclude the original defendant from filing a third-party complaint in tort. Allen & Whalen, Inc. v. Grimberg Co., supra, 229 Md. 585, 587; McCormick v. St. Francis de Sales Church, 219 Md. 422, 149 A. 2d 768 (1959) ; see also, Lee's, Inc. v. Transcontinental Underwriters, etc., 9 F.R.D. 470 (D. Md. 1949). There is no reason to believe that the reverse is not equally true, particularly since "[t]he usual basis for third-party impleader is that the third-party defendant is or may be secondarily liable for all or some part of the plaintiff's claim against the original defendant as in the case of an indemnitor, guarantor, surety or insurer or a joint tortfeasor obligated by substantive law to make contribution." Allen & Whalen, Inc. v. Grimberg Co., supra, 229 Md. at 587-88; Great Atl. & Pac. Tea Co. v. Royal Crown Bottling Co., supra, 243 Md. at 289.

While a demurrer is an appropriate way of raising the sufficiency of a third-party claim, Allen & Whalen, Inc. v. Grimberg Co., supra, 229 Md. at 588; Ennis v. Donovan, 222 Md. 536, 161 A. 2d 698 (1960) ; Nohowel v. Hall, 218 Md. 160, 146 A. 2d 187 (1958), and while the allowance of a third-party claim rests with the sound discretion of the trial court, Bradyhouse v. Levinson, supra, 230 Md. at 523; Gorn v. Kolker, supra, 213 Md. 551, at 554-55, "[This] does not necessarily mean, however, that where the action of the lower court is clearly arbitrary or has no sound basis in law or in reason, it could not be reviewed, but it does mean that we will not reverse the judgment of the trial court, unless there is grave reason for doing so." Northwestern Nat'l Ins. Co. v. Rosoff, Ltd., supra, 195 Md. at 434.

In the opinion filed below, the court readily conceded that Land Homes might be answerable to the Whites:

"There can be no doubt that if the Defendants [the Whites] are evicted from the subject property by reason of the Plaintiffs [the Saunders] having a paramount title and if the subject property was conveyed to them in a deed from Land Homes which contained a covenant of general warranty, then Land Homes will be liable for damages for breach of that covenant. *Crisfield v. Storr*, 36 Md. 129 [1872]."

Relying on *Allen & Whalen, Inc. v. Grimberg Co., supra*, the court below concluded that Land Homes, if liable on the warranty, would not, in the language of Rule 315 a, "* * * be liable [to the Whites] for all or part of [the Saunders'] claim." In our view, the court's reliance on *Allen & Whalen* was misplaced, and the conclusion which it reached was erroneous as a matter of law.

The facts in *Allen & Whalen* make it readily distinguishable from the case before us. Yoder, the prime contractor on a government job, entered into two subcontracts: one, with Allen & Whalen, for the purchase of air conditioning equipment manufactured by Worthington Corporation; another, with Grimberg, for the installation of the equipment. When Allen & Whalen failed to pay for the equipment, Worthington brought suit. Allen & Whalen, which had filed a general issue plea and a counterclaim in the suit brought by Worthington, then filed a third-party claim against Grimberg, alleging negligence and breach of warranty. Grimberg's demurrer was sustained without leave to amend.

We affirmed the sustaining of the demurrer. Chief Judge Brune, speaking for this Court, said:

"The requirement of Rule 315 a that the third-party claim must be for all or a part of the plaintiff's claim against the original defendant for which the third-party defendant is or may be liable to the original defendant is, as we have pointed out, explicit in the rule itself and is recognized in the *Northwestern Insurance* case.

The identical requirement of Rule 14, F.R.C.P. is recognized by a number of authorities. Barron & Holtzoff, *Federal Practice and Procedure* (Rules Ed.), Vol. 1 A, § 426, in discussing Rule 14 say: 'The claim against the third-party defendant must be that of the original defendant but it must be based upon the plaintiff's claim against the original defendant.' See also 3 *Moore's Federal Practice* (2nd Ed.) § 14.07, pp. 418-19, and 1961 Cum. Supp., § 14.15, n. 22 a, p. 57; *Murtagh v. Phillips Waste Oil Pick-up & Road Oiling Service,* 17 F.R.D. 495 (E.D., Mich.) ; *North American Philips Co. v. Brownshield,* 9 F.R.D. 132 (D. C., S. D., N. Y.) ; *Hull v. United States Rubber Co.,* 7 F.R.D. 243 ; *Liberty Mutual Ins. Co. v. Valleningham,* 94 F. Supp. 17 (D. C., D. C.) ; *Kohn v. Teleprompter Corporation, Tele-Q Corp.,* 22 F.R.D. 259 (D. C., S. D., N. Y.). Cf. *United States v. De Haven,* 13 F.R.D. 435 (D. C. Mich.) ; *United States v. Dobrowolski,* 16 F.R.D. 134 (D. C., Md., Coleman, Ch. J.)." 229 Md. at 588-89.

We think that this means that a third-party claim will lie in any case where it can be alleged that the third-party defendant is necessarily answerable to the original defendant should judgment be entered against him. This is the rule of the federal decisions.

"* * * Thus impleader is authorized to bring in a third party who would necessarily be liable over to the defendant for all or any part of the plaintiff's recovery, whether by way of indemnity, subrogation, contribution, express or implied warranty, or otherwise." Barron and Holtzoff, *Federal Practice and Procedure* (1960) Vol. 1 A, § 426 at 664-69.

This would have been the teaching of *Nohowel v. Hall, supra,* 218 Md. 160, which involved the impleading of a party who had given a covenant against incumbrances in a real estate transaction, had not the case gone off on other grounds. In fact, as Chief Judge Marbury pointed out in the opinion filed for

the Court in *Northwestern Nat'l Ins. Co. v. Rosoff, Ltd., supra,* modern third-party practice had its genesis in

"* * * the old remedy of 'vouching' which started in the English land laws. If A sold land to B with a warranty, and C claimed the land belonged to him and sued B, then B could give A notice of the pendency of the suit and an opportunity to join in the defense. Whether he did or whether he did not, a judgment against B would then be conclusive in a subsequent action against the vouchee both as to the plaintiff's right to recover and as to the amount. * * * The old remedy of vouching-in is discussed in *Consolidated Hand-Method Lasting-Machine Co. v. Bradley,* 171 Mass. 127, 50 N. E. 464, 68 Am. St. Rep. 409. For the general historical background, see 33 Columbia Law Review 1147, 19 Minn. Law Review 163, Moore's Federal Practice 2 Ed., Vol. 3, paragraph 14.02, pages 407-409." 195 Md. at 426.

Land Homes also challenges the sufficiency of the third-party claim. It argues that since the Whites' claim against Land Homes arises *ex contractu,* their recovery must be in an action of assumpsit, Rule 340 b 1, and that the Whites' claim, which alleges in one count that suit has been brought against them in ejectment, trespass and on the case, and in another count that they hold title under a covenant of general warranty from Land Homes, does not state a cause of action under the Rule. Land Homes then goes further and says that the claim is defective because it combines a tort and contract action in a single count, Rule 340 c. *Kirchner v. Allied Contractors, Inc.,* 213 Md. 31, 131 A. 2d 251 (1957); because there is no recital of consideration, *Wright v. Gilbert,* 51 Md. 146 (1879), and because the mere recital of a dispute and controversy is not enough, *Busby v. Conoway,* 8 Md. 55 (1855).

No Maryland case dealing with the sufficiency of a third-party claim has been cited and we have found none. However, both Maryland Rule 315 and Federal Rule 14 are predicated on the concept of a "claim", which has been defined as a "group or aggregate of operative facts giving ground or occasion for

judicial action" [3] as distinguished from the narrow concept of a "cause of action." 3 Moore, *Federal Practice* (2d Ed. 1968) § 14.07 at 509.

The federal courts have been quite liberal in holding a third-party claim sufficient if it alleges facts under which the third-party defendant "is or may be liable to" the original defendant "for all or part of the plaintiff's claim in order to avoid circuity of action." *Handel-Maarschaapij, etc. v. Faradyne Electronics Corp.,* 37 F.R.D. 357 (D.S.D.N.Y. 1964) ; *Friedman v. Wilson Freight Forwarding Co.,* 181 F. Supp. 327 (D.W.D.Pa. 1960) ; *Fruit Growers Co-op v. California Pie & Baking Co.,* 2 F.R.D. 415 (D.E.D.N.Y. 1942) ; *Balcoff v. Teagarden,* 36 F. Supp. 225 (D.S.D.N.Y. 1940). In *Friedman,* for example, the third-party claim simply recited that if the original defendant were found liable to plaintiff, "then and in that event [the third-party and fourth-party defendants] are liable over to this defendant." This was held to be substantial compliance with Rule 14, since it stated a claim on which relief could be granted.

We are inclined to follow the rule of the federal cases, and to regard as sufficient any third-party claim which sets out facts under which, if proved, the third-party defendant is, or may be liable for all or part of the plaintiff's claim. As Judge Knox said in *Teagarden,* "* * * It cannot be questioned that Rule 14 should be liberally construed to the end that circuity of action may be avoided, and that disputed jural relationships 'growing out of the same matter' be resolved in one action." (citing cases). 36 F. Supp. at 225. As we see it, the niceties of common law pleading need not necessarily be controlling if the claim recites facts which, if proved, would support judicial action. Paraphrasing Judge Knox's conclusion in *Teagarden,* "to sanction the narrow construction proposed by Land Homes would be tantamount to an emasculation of Rule 315 a, with a consequent loss of its beneficent objectives."

> *Order of court sustaining demurrer reversed; case remanded for entry of order overruling demurrer and for trial on the merits; costs to abide the result.*

---

**3.** Clark, The Cause of Action (1934) 82 U.Pa.L.Rev. 354.